### No. 509

No. 18916—The State of Ohio v. Cosmo Ferranto. Error to the Court of Appeals of Cuyahoga County.

**333. CRIMINAL LAW—1. Granting of permission to withdraw a plea of not guilty, and interpose one of guilty is within sound discretion of trial court.**

**2. Upon plea of guilty to first degree murder, court may, without intervention of jury, determine degree of crime, and if murder in the first degree may withhold or extend mercy.**

DAY, J.

1. A plea of guilty in a capital offense should be accepted cautiously and the trial judge should fully advise the accused of his rights in the premises and be satisfied that he acts willingly, freely and deliberately after being so advised and with knowledge, appreciation and consequences of such plea of guilty.

2. The granting permission to withdraw a plea of not guilty and interpose a plea of guilty is a mater within the sound discretion of the trial court, and, if it appear that the accused has been properly advised of his rights, the action of the court in so receiving a plea of guilty will not be disturbed unless some abuse of discretion affirmatively appears.

3. Upon a plea of guilty to an indictment for murder in the first degree, the trial court has power, without the intervention of a jury, to determine, upon evidence the degree of the crime, and in the event the same be found

to be murder in the first degree to withhold or extend mercy. (Habig v. State, 106 Ohio St., 151, approved and followed.)

4. Where upon a trial for murder in the first degree all the evidence has been introduced; including that of the accused testifying in his own behalf, and after both sides have rested and the state has concluded its opening argument, the defendant upon advice of counsel and after having been cautioned and admonished as to his rights by the court, withdraws his plea of not guilty and enters a plea of guilty, it is not an abuse of discretion for the trial judge who heard all the evidence introduced in the case, in determining the degree of the crime the same day while the evidence was fresh in his mind, to find the defendant guilty of murder in the first degree with no extension of mercy, without hearing anew the evidence relating thereto, it not appearing that new evidence was tendered by the accused after he had entered a plea of guilty.

Judgment of the court of appeals reversed and that of the comon pleas affirmed.

Marshall, C. J., Jones, Matthias, Allen and Kinkade, JJ., concur.