[Cite as *Burton Carol Mgt. v. Ziegle*, 2014-Ohio-4741.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

BURTON CAROL MANAGEMENT, LLC,    :    **O P I N I O N**

        Plaintiff-Appellee,    :

    - vs -    :    **CASE NO. 2014-L-039**

IRM B. ZIEGLER, et al.,    :

        Defendant-Appellant.    :

Civil Appeal from the Mentor Municipal Court, Case No. 14 CVG 00227.

Judgment: Affirmed.

*Michael D. Linn* and *James J. Costello*, Powers Friedman Linn P.L.L., Four Commerce Park, Suite #180, 23240 Chagrin Boulevard, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Irm B. Ziegler*, pro se, P.O. Box 601 Grand River, OH 44045 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Mentor Municipal Court. Appellant Irm B. Ziegler appeals the granting of appellee Burton Carol Management, LLC's ("Burton") motion to strike Ziegler's affidavit to disqualify the trial court judge. For the following reasons, we affirm.

**{¶2}** On March 21, 2014, Burton filed a complaint for forcible entry and money damages against Irm Ziegler and Joseph Ziegler[1] due to the Zieglers' unlawful possession of a rental unit belonging to Burton. Shortly thereafter, Ziegler filed an "affidavit of disability/disqualification of Trebits and Klammer." Burton moved to strike Ziegler's affidavit for not complying with various requirements in R.C. 2701.031(B). The trial court granted Burton's motion. Ziegler then appealed the trial court's granting of Burton's motion to strike Ziegler's affidavit. Subsequent to Ziegler filing her notice of appeal, the trial court issued a writ of restitution.

**{¶3}** As her sole assignment of error, Ziegler asserts:

**{¶4}** "Did trial court Judge John Trebits (sic) abuse his discretion, create manifest injustice, prejudicially and/or substantially erred by erroneously refusing and/or denying to disqualify himself for personal bias, and not being impartial under the federal constitutional right to a fair trial under equal protection of the law."

**{¶5}** Here, Ziegler generally argues that the trial court was biased in conducting the proceedings. As best we can tell, Ziegler is dissatisfied with the trial court's rulings in a separate but related case between the parties and believes that the trial court's issuance of a writ of restitution demonstrates his bias. However, Ziegler does not specifically claim that the trial court erred in issuing the writ of restitution. Thus, as we understand it, Ziegler's appeal concerns the alleged procedural error of not having the trial court judge removed from the case, rather than a substantive error addressing the merits of writ of restitution.

**{¶6}** In reply, Burton argues (1) we have no jurisdiction because the trial court's ruling on a motion to strike an affidavit to disqualify a trial court judge is an interlocutory

---

1. Joseph Ziegler has not participated in the appeal. All references to "Ziegler" refer to Irm Ziegler.

order, (2) Ziegler's affidavit was properly stricken under R.C. 2701.031(B), and (3) there was no evidence of partiality or bias.

{¶7} Regarding whether we have jurisdiction, we note that Burton previously filed a motion to dismiss this appeal because the order Ziegler appealed was interlocutory. In a previous and separate judgment entry, we concluded that this court has jurisdiction because, even though Ziegler prematurely filed her appeal, subsequent to that notice of appeal, a final appealable order, i.e. the writ of restitution, was issued. Therefore, pursuant to App.R. 4(C), Ziegler's prematurely filed appeal is now reviewable. Consequently, Burton's jurisdictional argument is without merit.

{¶8} The determination of a motion to strike is within a court's broad discretion. *State ex rel. Dawson v. Bloom—Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio 6009, ¶23. Consequently, absent an abuse of discretion, an appellate court will not disturb a trial court's ruling regarding a motion to strike. *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, ¶10. An "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 3 Ohio Law Abs. 187, 3 Ohio Law Abs. 332, 148 N.E. 362 (1925). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004). When an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial

3

court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* ¶67.

{¶9} R.C. 2701.031 governs disqualification of municipal judges and provides four criteria that each affidavit to disqualify must meet: "(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations; (2) The jurat of a notary public or another person authorized to administer oaths or affirmations; (3) A certificate indicating that a copy of the affidavit has been served on the judge of the municipal or county court against whom the affidavit is filed and on all other parties or their counsel; (4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled." R.C. 2701.031(B). If the affidavit does not comply with R.C. 2701.031(B)(2)-(4), then "[t]he clerk of the municipal or county court in which a proceeding is pending shall not accept an affidavit of disqualification * * *." R.C. 2701.031(C)(2).

{¶10} Here, Burton claims Ziegler's affidavit did not meet two of the criteria because it was not notarized and it did not indicate that the affidavit was served upon the trial court judge. Upon reviewing Ziegler's affidavit, we find Burton's argument to be meritorious. Therefore, the trial court did not err in striking Ziegler's affidavit.

{¶11} The sole assignment of error is without merit.

{¶12} The judgment of the trial court is affirmed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concurs.

4