[Cite as *State v. Pewett*, 2016-Ohio-7757.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

|                         |   |                          |
|-------------------------|---|--------------------------|
| STATE OF OHIO,          | : | APPEAL NO. C-150668      |
|                         |   | TRIAL NO. 14CRB-24522    |
| Plaintiff-Appellee,     | : |                          |
|                         |   | *O P I N I O N.*         |
| vs.                     | : |                          |
|                         |   |                          |
| DWIGHT PEWETT,          | : |                          |
|                         |   |                          |
| Defendant-Appellant.    | : |                          |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  November 16, 2016

*Paula Boggs Muething*, Cincinnati City Solicitor, *Natalia Harris*, City Prosecutor, and *Heidi Rosales*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Law Office of Steven R. Adams* and *Steven R. Adams*, for Defendant-Appellant.

**MOCK, Judge.**

{¶1} Defendant-appellant Dwight Pewett appeals from the decision of the Hamilton County Municipal Court granting the motion to reconsider the granting of his application to seal the record in a criminal case. We agree with his argument that the granting of a motion to reconsider is a nullity. Because a party cannot appeal an order that is a nullity, we dismiss the appeal.

{¶2} The record shows that Pewett is a police officer with the Cincinnati Police Department. He was originally charged with sexual imposition under R.C. 2907.06 and was acquitted following a bench trial. Subsequently, he filed an application to have the record of that case sealed under R.C. 2953.52. The state did not object, and on October 5, 2015, the trial court granted the application.

{¶3} On October 28, 2015, the state filed a motion asking the court to reconsider its decision granting the application to seal. It stated that Pewett's arrest record was "needed to follow through with Cincinnati Police Department administrative and disciplinary proceedings involving the Defendant to ensure the integrity of the police force." On November 2, 2015, the trial court granted the motion to reconsider, and Pewett appealed from that order.

{¶4} In his sole assignment of error, Pewett contends that the trial court erred in granting the state's motion for reconsideration. He contends that the motion and the order granting the motion are void. We agree.

{¶5} An order granting a motion to seal the record of a criminal conviction under R.C. 2953.32 is a final, appealable order. *State v. Shown*, 11th Dist. Lake No. 96-L-218, 1998 Ohio App. LEXIS 36, *2 (Jan. 9, 1998); *State v. Leers*, 80 Ohio App.3d 579, 582, 617 N.E.2d 754 (8th Dist.1992). Similarly, the granting of an

application to seal the record of a criminal case following an acquittal under R.C. 2953.52 is also a final, appealable order. R.C. 2505.02(B). Consequently, the trial court's decision granting Pewett's application to seal the record was a final order that the state should have appealed and to which the doctrine of res judicata applies. *See In re Sealing of the Record of Brown*, 10th Dist. Franklin No. 07AP-715, 2008-Ohio-4105, ¶ 10.

{¶6}  The state relies on *State v. Lovelace*, 1st Dist. Hamilton No. C-110715, 2012-Ohio-3797. In that case, this court stated that "[e]xpungement is an act of grace created by the state. It is a privilege not a right." *Id.* at ¶ 24. Therefore, the state contends, the order granting the motion to seal did not affect a substantial right and was not a final order within the meaning of R.C. 2505.02. But the state takes that language out of context. In *Lovelace*, we held that an order granting an expungement was void because the applicant was not eligible for an expungement under R.C. 2953.32 because he was not a first offender. *Id.* at ¶ 9-11 and 19-25. We stated that a trial court has no jurisdiction to expunge a conviction where the applicant did not qualify as a first offender. *Id.* at ¶ 9.

{¶7}  In this case, nothing in the record shows that Pewett was ineligible to have his record sealed, and the state did not object to his application to seal. *See* R.C. 2953.52(B). This is not a case that involves a question of law as to whether the trial court has the authority to seal the record; it involves the trial court's discretionary power to grant a motion to seal the record of an eligible applicant. *See State v. Blair*, 1st Dist. Hamilton No. C-160333, 2016-Ohio-5714, ¶ 4. To accept the state's argument would mean that a defendant could never appeal the denial of a motion to seal or a motion for expungement because it would never be a final order.

**{¶8}** The Rules of Civil Procedure apply in expungement cases. *State v. Bissantz*, 30 Ohio St.3d 120, 121, 507 N.E.2d 1117 (1987). Those rules do not "prescribe motions for reconsideration after a final judgment in the trial court." *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105, syllabus; *Fifth Third Bank v. Cooker Restaurant Corp.*, 137 Ohio App.3d 329, 333, 738 N.E.2d 817 (1st Dist.2000). Therefore, all judgments resulting from a motion for reconsideration are nullities. *Pitt* at 381; *Fifth Third Bank* at 333. Consequently, the trial court's order granting the state's motion for reconsideration is a nullity, and the trial court's order granting the application to seal the record remains in effect. *See State v. Cornwell*, 11th Dist. Trumbull No. 2007-T-0007, 2007-Ohio-1068, ¶ 6.

**{¶9}** Pewett filed a notice of appeal from the trial court's November 2, 2015, order granting the state's motion for reconsideration. Because a judgment granting a motion to reconsider is a nullity, it is not a final order that can be appealed. *Frabott v. Swaney*, 5th Dist. Delaware No. 13 CAE 05 0047, 2013-Ohio-3354, ¶ 28; *Cornwell* at ¶ 6. Because Pewett did not appeal from a final order, this court is without jurisdiction to hear the appeal, and we, therefore, dismiss it. *See Hooten v. Safe Auto Ins. Co.*, 1st Dist. Hamilton No. C-061065, 2007-Ohio-6090, ¶ 10.

*Appeal dismissed.*

**HENDON, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry this date.