[Cite as *In re M.H.*, 2018-Ohio-3817.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re M.H, M.N., Ak.B., Z.M., Ar.B.

Court of Appeals No. L-18-1012

Trial Court No. JC 15251270

## DECISION AND JUDGMENT

Decided:  September 19, 2018

* * * * *

Danielle C. Kulik, for appellant.

Jeremy G. Young, for appellee.

* * * * *

**MAYLE, P.J.**

{¶ 1} Plaintiff-appellant, V.H.—the mother of M.H., Z.M., M.N., Ar.B., and Ak.B.—appeals the December 22, 2017 judgment of the Lucas County Court of Common Pleas, Juvenile Division, denying her motion to vacate judgment.  For the reasons that follow, we affirm.

## I.  Background

{¶ 2} V.H. is the mother of M.H. (born August of 2006) ("child 5"), Z.M. (born August of 2007) ("child 6"), M.N. (born April of 2011) ("child 7"), Ar.B. (born July of 2012) ("child 8"), and Ak.B. (born May of 2014) ("child 9").  In a judgment dated October 17, 2016, the trial court terminated V.H.'s parental rights and awarded permanent custody of these children to Lucas County Children's Services ("LCCS").  In the same judgment, V.H. was awarded legal custody of three of her other children, S.S. (born April of 2000) ("child 2"), T.H. (born December of 2001) ("child 3"), and R.S. (born February of 2003) ("child 4"), with LCCS to maintain protective supervision.[1]

{¶ 3} V.H. appealed, and in a decision dated June 23, 2017, we affirmed the trial court judgment.  *In re S.S.,* 6th Dist. Lucas No. L-16-1234, 1243, 2017-Ohio-4474.  On November 30, 2017, V.H. filed a pro se motion in the trial court to vacate the trial court's October 17, 2016 judgment on the basis that "this case was built on fraud" and because she had been provided "ineffective counsel."  The motion was never served on LCCS, but in a judgment journalized on December 22, 2017, the trial court denied V.H.'s motion.  It found that LCCS had been awarded permanent custody of the children, therefore, V.H. lacked standing.

{¶ 4} V.H. filed a notice of appeal of the December 22, 2017 judgment.  She assigns a single error for our review:

---

[1] V.H. previously lost permanent custody of her first child, born in April of 1996, when V.H. was 12 years old.

2.

1. THE COURT ERRED IN DENYING THE MOTION TO
VACATE.

## II. Law and Analysis

**{¶ 5}** V.H. moved the court to vacate its October 17, 2016 judgment. In support of her motion, she stated only that "this case was built on fraud and I also had ineffective counsel."

**{¶ 6}** Civ.R. 60(B) permits a court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶ 7}** The motion must be filed within a reasonable time, "and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." *Id.*

3.

**{¶ 8}** In *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Ohio Supreme Court explained that in order to obtain relief under Civ.R. 60(B), a movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

**{¶ 9}** If any one of these three requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). We review a trial court's decision denying a Civ.R. 60(B) motion under an abuse-of-discretion standard. *Wells Fargo Bank, N.A. v. Bluhm*, 6th Dist. Erie No. E-13-052, 2015-Ohio-921, ¶ 12, citing *Eubank v. Anderson*, 119 Ohio St.3d 349, 2008-Ohio-4477, 894 N.E.2d 48.

**{¶ 10}** In an appellate brief entirely devoid of facts, V.H. argues that she has a "meritorious defense of fraud and ineffective assistance of counsel." She claims that she filed her motion "just twenty-five days (25) after the Judgment," and she contends that despite her purportedly timely-filed motion, LCCS failed to respond. While she acknowledges that a parent's standing is terminated after a ruling on a motion for

4.

permanent placement, she insists that there is no such order in this case. She, therefore, maintains that the trial court erred in denying her motion for lack of standing.

{¶ 11} LCCS counters that V.H.'s appeal is moot and is barred by the doctrine of res judicata. It further argues that V.H. failed to meet the requirements of Civ.R. 60(B) because (1) she presented no meritorious claim or defense, (2) her motion stated no grounds for relief, (3) ineffective assistance of counsel is an improper basis for a Civ.R. 60(B) motion, and (4) her motion was untimely-filed. Finally, LCCS contends that V.H. lacks standing to bring this appeal and maintains that the trial court no longer has jurisdiction.

## A. V.H. misunderstands the procedural posture of this case.

{¶ 12} V.H. argues that the trial court erred in denying her motion to vacate because (1) it was filed just 25 days after the court entered judgment, (2) the motion to vacate was filed with respect to a motion to terminate protective services and to change disposition, and (3) when she filed her motion, there was no final order in place regarding that motion. She insists that she has a meritorious defense, her motion was timely-filed, and she is entitled to relief under Civ.R. 60(B)(3) and (5).

{¶ 13} It is clear from V.H.'s brief that she misunderstands the procedural posture of this case and fails to appreciate that it was the October 17, 2016 judgment that she sought to vacate in her November 30, 2017 motion. Perhaps her confusion is caused by the fact that following termination of V.H.'s parental rights with respect to children 5, 6,

5.

7, 8, and 9, additional proceedings took place in the trial court with respect to children 2, 3, and 4.  Those proceedings are summarized, in pertinent part, below:

- September 27, 2016:  LCCS filed a motion to terminate protective supervision as to children 2, 3, and 4.

- July 28, 2017:  LCCS filed a motion to change disposition from protective supervision to temporary custody to LCCS, with respect to child 3.  That same day, it asked to add child 4 to the motion to change disposition.

- October 10, 2017:  LCCS filed a motion to change disposition as to child 2 to award temporary custody to LCCS.

- October 27, 2017:  A hearing was held on LCCS's July 28, 2017 motion with respect to a change in disposition of custody as to children 3 and 4.[2]

- November 1, 2017:  V.H. filed a pro se motion for change of custody as to children 1, 5, 6, 7, 8, and 9.  The court ruled on December 12, 2017, that V.H. had no standing to move for a change of custody with respect to children 5, 6, 7, 8, and 9 because LCCS was awarded permanent custody of these children.

- November 21, 2017:  Temporary custody of child 2 was awarded to LCCS.

- November 22, 2017:  LCCS filed a motion for legal custody of child 2 and for permission to place child 2 in a planned permanent living arrangement ("PPLA").

---

[2] Matters in two other cases relating to this family were also heard on this date.

6.

- December 12, 2017: Temporary custody of child 2 was awarded to LCCS and permission to place child 2 in a PPLA was approved.

{¶ 14} To the extent that V.H. claims that she filed her motion to vacate 25 days after the judgment, she is mistaken. She filed her motion November 30, 2017—more than 13 months after the October 17, 2016 judgment. To the extent that V.H. believes that the motion to vacate was filed in regards to a motion to terminate protective services and to change disposition, she is mistaken. It was filed as to the October 17, 2016 judgment terminating her parental rights with respect to children 5, 6, 7, 8, and 9, and awarding permanent custody of the children to LCCS. And to the extent that V.H. claims that there was no final order in place at the time she filed her motion to vacate, she is mistaken. The final order terminating her parental rights and awarding permanent custody of children 5, 6, 7, 8, and 9 to LCCS was issued on October 17, 2016, and was affirmed by this court on June 23, 2017.

## B. V.H. lacked standing to move to vacate the October 17, 2016 judgment.

{¶ 15} R.C. 2151.414(F) provides that "[t]he parents of a child for whom the court has issued an order granting permanent custody pursuant to this section, upon the issuance of the order, cease to be parties to the action." A non-party lacks standing to file a Civ.R. 60(B) motion to vacate judgment. *Nicholas v. State Farm Ins.*, 11th Dist. Trumbull No. 99-T-0030, 2000 Ohio App. LEXIS 2525, *10 (June 9, 2000), citing Civ.R. 60(B) (specifying that "the court may relieve *a party* or his legal representative from a final judgment"). Moreover, a trial court lacks authority to vacate a judgment that has

7.

been affirmed on appeal. *Am. Savs. Bank, FSB v. Pertuset*, 4th Dist. Scioto No. 13CA3564, 2014-Ohio-1290, ¶ 8.

{¶ 16} Here, by the time V.H. filed her motion to vacate, the judgment terminating her parental rights as to children 5, 6, 7, 8, and 9, and awarding permanent custody to LCCS had not only been issued by the trial court, it had been affirmed on appeal. When she filed her motion, V.H. was no longer a party to the case with respect to children 5, 6, 7, 8, and 9. And in any event, the trial court lacked authority to vacate the judgment at the time the motion was filed because it had already been affirmed on appeal. Accordingly, the trial court did not abuse its discretion when it denied V.H.'s motion to vacate.

{¶ 17} We find V.H.'s sole assignment of error not well-taken.

### III.  Conclusion

{¶ 18} V.H. lacked standing to file her motion to vacate the October 17, 2016 judgment of the court terminating her parental rights and awarding permanent custody of children 5, 6, 7, 8, and 9 to LCCS. We, therefore, find V.H.'s sole assignment of error not well-taken, and affirm the December 22, 2017 judgment of the Lucas County Court of Common Pleas, Juvenile Division. V.H. is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                   JUDGE

Arlene Singer, J.

                   _____

Christine E. Mayle, P.J.         JUDGE
CONCUR.

                   _____

                   JUDGE