[Cite as *State v. Marksch*, 2026-Ohio-2347.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  {48}L-25-00286

    Appellee                                     Trial Court No.  CR0202202631

v.

 Gloria Marksch                               **DECISION AND JUDGMENT**

    Appellant                                    Decided: June 18, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Mark A. Davis, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal of the trial court's judgement, vacating the order sealing the criminal record in the trial court proceedings pursuant to Civ.R. 60(B). Based on the following, we affirm.

## II. Background and Procedural History

{¶ 2} Appellant, Gloria Marksch, filed a motion in her criminal case, Lucas County Common Pleas case No. CR 2022-2631, to seal the record of "conviction or bail forfeiture" and certifying that she met all requirements for the trial court to consider sealing and/or expungement, one year or more had passed since the date her probation terminated on June 10, 2024, and she qualified as a first-time offender and had no pending criminal or traffic charges. Additionally, Marksch stated she had "served her time" and "has been rehabilitated." Marksch signed her application, noting both her name at the time of conviction, "Marksch," and her current name, "Sauerwein."

{¶ 3} The trial court referred the matter for an expungement/sealing report and scheduled hearing on July 1, 2025.

{¶ 4} On July 1, 2025, Marksch' counsel appeared for hearing, with Marksch' presence waived. Appellee, the State of Ohio was also present but did not file an objection to the application for sealing. On July 2, 2025, the trial court granted the application and ordered the official record of the case sealed, with inspection of sealed records "hereafter be confined to those specific purposes and those specific officials as set forth in R.C. 2953.34." [1]

---

[1] Marksch and the trial court use the terms "expunge" and "seal" interchangeably. The trial court initially granted the motion pursuant to R.C. 2953.32, which provides the procedure for both sealing of criminal records and expungement of criminal records. Where a record is ordered expunged, however, the trial court must order the bureau of criminal identification and investigation to "maintain a record of the expunged conviction record for the limited purpose of determining an individual's qualification or disqualification for employment in law enforcement." R.C. 2953.32(D)(5). All other

2.

**{¶ 5}** On July 3, 2025, the State filed a motion for relief from judgment, pursuant to Civ.R. 60(B). As a basis, the State argued that Marksch failed to inform the trial court that she has a pending civil lawsuit pursuant to 42 U.S.C. Section 1983 naming the City of Toledo and five police officers, and the suit arose from the facts and circumstances at issue in her criminal case. Marksch filed suit under the name "Sauerwein." As a result of the omission of mention of the federal suit in the application, the State argued that maintaining the record should have been argued in opposing the application to seal the criminal record. Marksch' federal suit had been pending since May 26, 2023, and the suit was in the briefing stage on summary judgment at the time her application for sealing was filed.

**{¶ 6}** In addressing the requirements under Civ.R. 60(B), the State argued that it was entitled to relief under Civ.R. 60(B)(1) based on "mistake, inadvertence, surprise or excusable neglect" and Civ.R. 60(B)(5), the catch-all provision, and the government has a legitimate governmental interest in maintaining the record "in order to defend against the civil suit filed" in federal court against the City and the police officers. The State further argued that Marksch "frustrated the purpose" of a hearing on her application by withholding vital information, as the purpose for hearing on an application to seal is to

---

entities "shall destroy, delete, and erase the record as appropriate for the record's physical or electronic form or characteristic so that the record is permanently irretrievable." *Id.* The trial court's order required "all official records…expunged and permanently destroyed" but also provided for "inspection of such sealed records… as set forth in R.C. 2953.34." While it is unclear whether the trial court's order required expungement or sealing, we reference it as an order sealing the criminal conviction in our decision.

3.

gather information. The State's motion was clearly timely and alluded to the need for complete information and the government's interest as the meritorious defense and grounds for relief.

{¶ 7} Marksch filed a combination motion to strike the Civ.R. 60(B) motion and/or an opposition brief to the Civ.R. 60(B) motion. Marksch argued that the State lacked standing to file the motion on behalf of the city of Toledo and police officers, named as defendants in the federal matter. Marksch further argued that seeking relief from judgment under the Civil Rules of Procedure was improper, and the State was using Civ.R. 60(B) as a substitute for appeal. Finally, Marksch argued that the State failed to establish grounds for relief or a meritorious defense, and the State cited to the federal action, which is not relevant to the proceedings regarding sealing of records.

{¶ 8} The State filed a reply brief, in support of relief from judgment, and also filed certified copies of filings related to Marksch' federal suit. Marksch responded with a second memorandum "Opposing County's 60(B)(5) Motion to Overturn Expungement." In this renewed opposition, Marksch references her "refusal to stipulate to the pleadings" which "opened the door to the federal filings," and, in addition to reiterating her argument regarding standing and the merits of the motion under Civ.R. 60(B), Marksch argued the merits of the federal civil rights case presently pending, seeking damages against the city of Toledo and its police for excessive force during arrest.

{¶ 9} Prior to ruling on either the motion to strike or the motion for relief from judgment, the trial court held a hearing.

4.

{¶ 10} On November 19, 2025, the trial court entered its decision. First, the trial court addressed Marksch' motion to strike and her challenge to the State's standing to pursue relief pursuant to Civ.R. 60(B). The trial court determined that the State was a party to the criminal proceeding and Civ.R. 60(B) is "a proper mechanism for relief." The trial court denied the motion to strike.

{¶ 11} Next, the trial court granted the motion for relief from judgment. In applying the *GTE* test set forth in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), the trial court found the State's meritorious defense was its interest in maintaining the conviction, satisfying the first prong of the test. As to the second prong, the trial court found both mistake under (B)(1) and "any other reason," the catch-all provision under (B)(5) applied. [2] There was also no dispute that the motion was timely, satisfying the third prong of the *GTE* test.

{¶ 12} Marksch filed a timely appeal of the judgment.

### III. Assignments of Error

{¶ 13} On appeal, Marksch asserts the following assignments of error:

> ASSIGNMENT OF ERROR NO. 1. The trial court erred in failing to strike the County's 60(B) motion to unseal the record.

> ASSIGNMENT OF ERROR NO. 2. The trial court erred in considering the federal civil rights lawsuit in granting Lucas County's 60(B) motion.

---

[2] The transcript of the hearing is not part of the record on appeal, by choice of the appellant.

5.

ASSIGNMENT OF ERROR NO. 3. In consideration of the expungement, and motion to unseal, the Court erred by failing to limit itself solely to the governmental interest of Lucas County.

ASSIGNMENT OF ERROR NO. 4. The trial court erred in finding Lucas County had a meritorious defense.

ASSIGNMENT OF ERROR NO. 5. The trial court erred in finding excusable neglect.

ASSIGNMENT OF ERROR NO. 6. The trial court erred in permitting the 60(B) filing in substitution of a required appeal.

## IV. Analysis

{¶ 14} As an initial matter, we note that the record on appeal consists of the trial court docket and filings, and the parties' briefs. Marksch specifically did not request transcripts of the R.C. 2953.32 hearing or the hearing on the State's Civ.R. 60(B) motion. Therefore, our record on review does not include the transcripts of either hearing and we must presume the regularity of those hearings. *Hall v. Hall,* 2026-Ohio-384, ¶ 19 (6th Dist.), citing *State v. Overton,* 2025-Ohio-5606, ¶ 11, fn. 1 (6th Dist.) (additional citation omitted.).

{¶ 15} The assignments of error challenge the trial court's decisions in permitting the State to pursue relief from judgment under Civ.R. 60(B) by denying Marksch' motion to strike, and granting relief under Civ.R. 60(B), setting aside the judgment ordering Marksch' record sealed in the criminal case. For ease of discussion, we address Marksch' assignments of error related to each motion, considering the second, third, fourth, fifth, and sixth assignments of error together.

6.

### A. Motion to Strike

{¶ 16} In her first assignment of error, Marksch challenges the trial court's denial of her motion to strike. Marksch premised her motion to strike on the State's lack of standing to represent the city of Toledo and the police officers. Marksch also argued that filing a Civ.R. 60(B) was the incorrect procedure in a criminal case, essentially seeking dismissal of the State's motion for relief pursuant to Civ.R. 60(B).

{¶ 17} Marksch referenced no Rule as a basis for her motion to strike. The trial court addressed the motion to strike under Civ.R. 12(F), which provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty-eight days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter.

The provisions of Civ.R. 12(F) refer to pleadings. "A Civ.R. 60(B) motion to vacate is not a pleading." *Citibank (South Dakota) NA v. Fischer,* 2007-Ohio-1322, ¶ 27. While Marksch sought an order of the trial court, striking the State's Civ.R. 60(B) motion for relief from judgment, she did not seek relief under Civ.R. 12(F).

{¶ 18} We note that trial courts entertain motions to strike, outside the provisions of Civ.R. 12(F). Courts have considered motions to strike relative to evidentiary materials proffered under Civ.R. 56. *See, e.g., Whitt v. Wolfinger,* 2015-Ohio-2726, ¶ 13 (4th Dist.) (motion to strike affidavits as improperly submitted evidence). Courts have considered a request to strike relative to motions filed by the opposing party. *See, e.g., Baker v. Coast to Coast Manpower, LLC,* 2012-Ohio-2840, ¶ 37-38 (3d Dist.) (finding error in denying

7.

motion to strike supplemental memorandum in summary judgment briefing, with error deemed harmless). Finally, courts have considered a motion to strike relative to other filings, unrelated to pleadings. *See, e.g., Burton Carol Mgt., v. Ziegler,* 2014-Ohio-4741, ¶ 8 (11th Dist.) (addressing a motion to strike an affidavit of disqualification of a judge in the proceeding). Therefore, while the trial court addressed the motion under Civ.R. 12(F) unrelated to a pleading, the court nevertheless considered Marksch' motion to strike based on her arguments of standing and the propriety of a Civ.R. 60(B) motion seeking relief from the order to seal the record of the underlying criminal case.

{¶ 19} We review a motion to strike for an abuse of discretion; "absent an abuse of discretion, an appellate court will not disturb a trial court's ruling regarding a motion to strike." *Burton Carol Mgt* at ¶ 8 (11th Dist.), citing *State ex rel. Mora v. Wilkinson,* 2005-Ohio-1509, ¶ 10.

{¶ 20} "The concept of 'abuse of discretion' as the basis for determining 'error' of the trial court connotes the right to exercise a sound discretion. Conversely, where a specific action, ruling or order of the court is required as a matter of law, involving no discretion, the test of 'abuse of discretion' should have no application." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 37, quoting *Rohde v. Farmer*, 23 Ohio St.2d 82, 89 (1970).

{¶ 21} An abuse of discretion, based on the "common understanding" of the concept, is "a court exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson* at ¶ 35. Stated differently, "[a] court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the

8.

judge's exercise of that discretion is outside the legally permissible range of choices."
*State v. Hackett*, 2020-Ohio-6699, ¶ 19. In most instances, the determination of an abuse of discretion is based on an unreasonable decision, or a decision lacking the support of a sound reasoning process. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 22} In this case, the trial court rejected Marksch' challenge to proper standing. Marksch acknowledges that the State filed the motion but argues that the motion was filed in pursuit of the interests of the city of Toledo and the police officer defendants in the federal suit, and the city and the officers are not parties in the criminal case. Pursuant to Civ.R. 60(B), a "court may relieve a party or his legal representative from a final judgment, order or proceeding[.]" At the same time, "[a] non-party lacks standing to file a Civ.R. 60(B) motion to vacate judgment." *In re M.H.,* 2018-Ohio-3817, ¶ 15 (6th Dist.), citing Civ.R. 60(B) (additional citation omitted.). The State filed the motion and the State is a party in the criminal proceedings. Therefore, the trial court correctly rejected the argument based on standing to seek relief under Civ.R. 60(B).

{¶ 23} Marksch next argued that a Civ.R. 60(B) motion is not properly filed in a criminal case. We have previously held, however, "that Civ.R. 60(B) is available in criminal cases for certain procedures that were not anticipated by the criminal rules. *State v. Plassman,* 2004-Ohio-279, ¶ 7 (6th Dist.); Crim.R. 57(B). Moreover, courts have held that an order sealing the criminal record of an offender must be challenged on direct appeal or pursuant to Civ.R. 60(B). *See, e.g., State v. Watkins,* 2020-Ohio-1366, ¶ 20 (7th

9.

Dist.). An application to seal a criminal record is also "a postconviction remedy that is civil in nature." *State v. LaSalle,* 2002-Ohio-4009, ¶ 19, citing *State v. Bissantz,* 30 Ohio St.3d 120, 121 (1987).

{¶ 24} Accordingly, based on controlling authority and the record, we find the trial court's denial of Marksch' motion to strike the State's motion for relief from judgment was well within the court's discretion, and not an abuse of that discretion. We find Marksch' first assignment of error not well-taken.

### B. Motion for Relief from Judgment

{¶ 25} Marksch' remaining assignments of error challenge the trial court's exercise of discretion in granting the State's motion pursuant to Civ.R. 60(B), vacating the judgment that ordered Marksch' criminal case records sealed. Marksch challenges the trial court's decision, arguing the trial court improperly considered the federal lawsuit and did not limit consideration to the State's immediate governmental interest, but considered the wider governmental interest of the city of Toledo and the Toledo police officers she named as defendants in her suit. Marksch also argues that the trial court erred in finding excusable neglect or that "Lucas County" had a meritorious defense. Finally, Marksch argues that the State's motion for relief from judgment was filed as a substitution for appeal.

{¶ 26} To prevail on a motion for relief from judgment, the movant must demonstrate all requirements of Civ.R. 60(B) are met and the motion may not be used as a substitute for a direct appeal. *State v. Watkins,* 2020-Ohio-1366, ¶ 23 (7th Dist.). We

10.

review the trial court's decision in ruling on the motion for abuse of discretion. *Id.,* citing *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987). As previously addressed, an abuse of discretion means the trial court's "exercise of that discretion is outside the legally permissible range of choices." *Hackett*, 2020-Ohio-6699, at ¶ 19.

{¶ 27} A motion for relief from judgment under Civ.R.60(B) requires demonstration that "(I) the movant has a meritorious defense or claim to present if relief is granted; (II) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (III) the motion is made within a reasonable time." *Watkins* at ¶ 24, citing *GTE Automatic Elec. v. ARC Industries,* 47 Ohio St.2d 146 (1976) (additional citation omitted.). Additionally, the motion must involve issues that could not be raised in a direct appeal, or "issues which occur outside of the record and which justify relief from judgment." *Watkins* at ¶ 23, citing *In re A.K.,* 2011-Ohio-4536, ¶ 15 (2d Dist.), quoting *Volodkevich v. Volodkevich,* 36 Ohio St.3d 152, 155 (1988).

{¶ 28} In her sixth assignment of error, Marksch argues that the State used a Civ.R. 60(B) motion as a substitute for appeal. In support, she argues that a decision granting an application to seal a record of conviction may only be challenged on appeal. The supporting authority she cites, however, addresses a challenge concerning a motion for reconsideration. Because the decision to grant an application to seal is a final, appealable order, a decision on a motion for reconsideration is a nullity. *See State v. Pewett,* 2016-Ohio-7757, ¶ 7-9 (1st Dist.), citing *Pitts v. Dept. of Transp.,* 67 Ohio St.2d

11.

378 (1981), syllabus (additional citations omitted.). The authority cited by Marksch does not apply to the facts of her case.

{¶ 29} In this case, the State filed a Civ.R. 60(B) motion, appropriate for challenging the trial court's order sealing the conviction, and the State relied on matters outside the record to support the motion. *Watkins* at ¶ 23. Therefore, the State did not substitute the Civ.R. 60(B) motion for an appeal and we find Marksch' sixth assignment of error not well-taken.

{¶ 30} In her second and third assignments of error, Marksch essentially argues that the trial court erred in considering matters outside the record, i.e., the pending federal suit and the wider governmental interests because of that suit. She argues that the trial court stated it would not consider the pending federal suit but granted the motion for relief from judgment based on the need for access to the records of the criminal proceedings to defend in the federal suit. Marksch also argues a narrow interpretation of "government's interest" based on the difference between the State and the city police defendants in the federal suit.

{¶ 31} Based on the limited record on appeal, it appears Marksch sought to expunge or seal the record of her conviction to benefit her position in the pending federal suit, and the federal suit is based on similar facts and circumstances at issue in the criminal proceeding. Thus, the facts leading to her criminal conviction were part of the pending federal suit, and sealing merely hid the fact of her conviction after it was apparently already of record in that suit.

12.

**{¶ 32}** The purpose of sealing is to remove any stigma or other consequences of conviction and recognize that people can be rehabilitated. (Citations omitted) *State v. A.S.,* 2022-Ohio-3833, ¶ 7-8 (1st Dist.). "In addition to the collateral impacts of a conviction on employment opportunities, individuals with criminal records face obstacles to accessing housing, higher education, loans, and credit (which is precisely part of the reason why the legislature provided a sealing mechanism)." *Id.* at ¶ 8. In Marksch' case, sealing would not prevent the police from accessing the record of conviction, as provided by R.C. 2953.34(A)(4), which permits inspection of sealed records "for use in the officer's defense of a civil action arising out of the officer's involvement in that case[.]" Expungement, however, would require destruction of the record, along with any access to the record by the police defendants in the federal suit.

**{¶ 33}** Additionally, as noted by the State, the expungement and sealing provisions do not define "government" as narrowly as Marksch argues. The government interest may align with a defendant's interest in sealing a record, as "the government has an interest in promoting the positive consequences that can flow from record sealing." *A.S.* at ¶ 9. The government's interest might also be the public's "need to know" the details of conviction. *State v. Sass,* 2014-Ohio-4745, ¶ 22 (11th Dist.), citing *State v. Hilbert,* 145 Ohio App.3d 824, 827 (8th Dist.2001); *State v. Webb,* 2012-Ohio-2962, ¶ 22 (2d Dist.); *see also State v. Tysinger,* 2026-Ohio-199, ¶ 17-18 (5th Dist.) (government interest of public access to criminal record). Thus, the "government interest" is not the specific interest of Lucas County, as argued by Marksch.

13.

{¶ 34} In Marksch' case, the State articulated the interest as preserving access to the criminal proceedings that were intrinsically related to Marksch' federal civil suit against third parties. Considering this interest, as well as the officer's right of inspection of sealed records, we do not find an abuse of discretion by the trial court. Marksch' second and third assignments of error are not well-taken.

{¶ 35} In Marksch' fourth and fifth assignments of error, she argues the trial court erred in finding a meritorious defense and erred in finding excusable neglect.

{¶ 36} In challenging the meritorious defense prong, Marksch again asserts that Lucas County was required to demonstrate its own need for access to the records and could not argue a broader access for others, including the city of Toledo or the Toledo police officers. In granting the Civ.R. 60(B) motion, the trial court found the government's interest in retaining "the records of [Marksch'] plea to defend itself in the pending federal litigation…constitutes a meritorious defense within the meaning of Civ.R. 60(B)." We agree.

{¶ 37} In seeking relief from judgment, "a movant must provide operative facts which, if true, would constitute a meritorious defense; ultimate success on the merits need not be established." *Kerger & Hartman, LLC v. Ajami,* 2017-Ohio-7352, ¶ 16 (6th Dist.), citing *K. Ronald Bailey & Assocs. v. Martin,* 2009-Ohio-2932, ¶ 15 (6th Dist.). Furthermore, a meritorious defense could consist of the "reasons for seeking access to the records," to be weighed against the interest of the person seeking to seal the records. *Dzina v. Dzina,* 2002-Ohio-2753, ¶ 24, fn 4 (8th Dist.).

14.

{¶ 38} Here, the State argued a need for access as a meritorious defense, articulating specific facts in support. After a hearing, the trial court found the State established a meritorious defense based on the statutorily required findings for sealing or expunging records. In her appeal, Marksch limits her challenge to the trial court's consideration of a broader government interest, which we determined the statute permits. Therefore, because the reasons for maintaining access are part of the statutory scheme governing sealing and expungement, we find no abuse of discretion with the trial court's determination regarding a meritorious defense.

{¶ 39} Finally, Marksch challenges the trial court's finding of excusable neglect as grounds for relief under Civ.R. 60(B)(1). As previously addressed, the State's motion for relief from judgment addressed grounds under Civ.R. 60(B)(1) and Civ.R. 60(B)(5). The trial court found grounds for relief under both Civ.R. 60(B)(1) and (5), noting the notice of the federal suit was not apparent within the record of the criminal proceeding and further noting that "justice requires" vacating the "expungement order" "so that the government may retain access to its records for purposes of defending itself." Additionally, the trial court determined that the privilege of sealing or expunging a criminal record was "not intended to serve as a litigation tactic."

{¶ 40} Marksch only challenges the trial court's finding under Civ.R. 60(B)(1), excusable neglect. Excusable neglect "must of necessity take into consideration all the surrounding facts and circumstances." (Citation omitted) *Griffey v. Rajan,* 33 Ohio St.3d 75, 79 (1987). While "excusable neglect" has been deemed "an elusive concept," courts

15.

define it in the negative, with inaction of a party "not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20 (1996), citing *GTE Automatic Elec.*, 47 Ohio St.2d at 153; *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, fn 4 (1988).

{¶ 41} In considering the limited record on appeal, we do not find an abuse of discretion regarding excusable neglect for the reasons stated by the trial court in its judgment. As noted by the trial court the notice of the federal suit was filed as an exhibit to a motion for early judicial release or docketed as an appearance of counsel, with neither filing signaling the existence of a federal suit related to the underlying criminal matter. Additionally, the trial court determined that Civ.R. 60(B)(5) also applied, and Marksch does not challenge this finding.

{¶ 42} Therefore, upon due consideration of Marksch' challenge to the trial court's determination relative to a meritorious defense and grounds for relief under Civ.R. 60(B)(1) and (5), we find her argument without merit. Marksch' fourth and fifth assignments of error, therefore, are not well-taken.

{¶ 43} Accordingly, as it relates to the trial court's decision on the State's motion for relief from judgment pursuant to Civ.R. 60(B), we find Marksch' second, third, fourth, fifth, and sixth assignments of error not well-taken.

16.

## V. Conclusion

**{¶ 44}** We affirm the judgment of the Lucas County Court of Common Pleas.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Thomas J. Osowik, P.J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.