[Cite as *In re M.R.L.*, 2011-Ohio-4997.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: M.R.L.

C.A. No.    25618

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DN09-07-0603

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

CARR, Presiding Judge.

{¶1}    Appellant, David L. ("Father"), appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, which ordered that appellee, Wendy A. ("Mother"), as the custodial parent of M.R.L., has the right to enroll the child in school. This Court affirms.

I.

{¶2}    When Father and Mother were divorced in the Summit County Domestic Relations Court, they were awarded shared parenting in which both parents were designated as the legal custodians of the child. The shared parenting plan provided that, in the event of an unresolved dispute regarding the school district where the child would be enrolled, Father had the right to make the final determination on the matter.

{¶3}    Subsequently, on July 28, 2009, Summit County Children Services Board ("CSB") filed a complaint in the Summit County Juvenile Court, alleging that M.R.L. was an abused, neglected, and dependent child. CSB sought a no contact order between the child and

Father and the child's step-mother. The agency did not seek removal of the child from Mother's home or emergency temporary custody. Instead, it sought only an order of protective supervision. On August 4, 2009, the trial court issued an ex parte order for protective supervision, as well as a no contact order, as the agency requested.

{¶4} The juvenile court held an adjudicatory hearing. On September 15, 2009, the trial court adjudicated the child neglected and scheduled the matter for disposition. On October 8, 2009, the juvenile court issued a judgment, continuing the child solely in the legal custody of Mother with an order of protective supervision to CSB, lifting the no contact order, and scheduling the matter for a subsequent review hearing. On February 11, 2010, CSB filed a motion to terminate protective supervision. On February 25, 2010, the juvenile court issued a judgment terminating the order of protective supervision and closing the case. Father did not appeal from this order.

{¶5} On September 3, 2010, Mother filed an emergency ex parte motion to retain the child in his current high school. Mother alleged that Father had attempted to remove the child from the school and the school was refusing to allow the child's continued enrollment in the absence of a court order. On September 10, 2010, the juvenile court issued a judgment entry, ordering that Mother, as the child's custodial parent, has the right to enroll the child in school. Father timely appealed from that order, raising three assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

"THE TRIAL COURT WAS WITHOUT AUTHORITY AND JURISDICTION TO AWARD LEGAL CUSTODY OF THE MINOR CHILD TO [MOTHER] PURSUANT TO R.C. [] 2151.353(A)(3)."

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN CONSTRUING ITS OCTOBER 8, 2009 JUDGMENT ENTRY AS CONTAINING AN AWARD OF LEGAL CUSTODY OF THE MINOR CHILD TO [MOTHER] PURSUANT TO R.C. [] 2151.353(A)(3)."

{¶6}    In Father's first and second assignments of error, he argues that the juvenile court improperly awarded legal custody of the child to Mother and that the dispositional order cannot be construed as having awarded legal custody to Mother. This court declines to address Father's substantive arguments as they are barred by the doctrine of res judicata.

{¶7}    As a preliminary matter, this Court notes that Father purports to raise an issue regarding the juvenile court's jurisdiction to issue an award of legal custody. As the issue of subject matter jurisdiction may be raised at any time, this Court is required to address it. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, at ¶45 (writing that "[b]ecause subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.").

{¶8}    Father argues that the October 8, 2009 judgment entry issued after the dispositional hearing is void because the trial court lacked jurisdiction to modify the child's custody in the absence of any pending motions or any analysis pursuant to R.C. 3109.04. Father confuses the legal concepts and distinction between subject matter jurisdiction, the lack of which renders an order void ab initio, and jurisdiction over a particular case, the lack of which results in trial court error and merely renders an order voidable. The Ohio Supreme Court explained: "Subject-matter jurisdiction connotes the power to hear and decide a case upon its merits. The General Assembly established the jurisdiction of juvenile courts and, in R.C. 2151.23(A)(1), granted them exclusive, original jurisdiction concerning matters involving a neglected or dependent child. *** Jurisdiction over the particular case, as the term implies, involves the trial

court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." (Internal quotations and citations omitted.) *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, at ¶11-12.

{¶9} This case, involving the disposition of M.R.L. following his adjudication as a neglected child, falls squarely within the subject matter jurisdiction of the juvenile court as delineated in R.C. 2151.23(A)(1). That provision conveys exclusive original jurisdiction to the juvenile court "[c]oncerning any child *** alleged *** to be *** neglected ***[.]" Once a child has been adjudicated as an abused, neglected, or dependent child, R.C. 2151.35(A)(1)/(B)(1) mandates that the juvenile court hold an initial dispositional hearing within thirty days. R.C. 2151.353(G)(1) allows a party to later request the termination of an order of protective supervision. Moreover, R.C. 2151.415 requires the juvenile court to hold a hearing and issue an order as to the child's final disposition. The juvenile court in this case acted within its subject matter jurisdiction by issuing a dispositional order which effectively placed the child solely in the legal custody of Mother. That it may have erred in the manner in which it did so does not divest the juvenile court of subject matter jurisdiction so as to render the order void. Rather, any irregularity in the juvenile court's exercise of its valid subject matter jurisdiction would have rendered the dispositional order voidable, something that Father could have challenged on direct appeal. Because the juvenile court was acting within the limits of its exclusive original jurisdiction when it continued the child solely in Mother's legal custody, effectively terminating Father's prior award of joint legal custody which he received in the parties' divorce, Father's argument that the juvenile court's dispositional order is void for lack of subject matter jurisdiction must fail.

{¶10} Turning now to Father's argument that the juvenile court improperly awarded legal custody to Mother and so interpreted its dispositional order, this Court concludes that Father's argument is barred by the doctrine of res judicata. "The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties." *Dun-Rite Constr., Inc. v. Hoover Land Co.*, 9th Dist. No. 25731, 2011-Ohio-4769, at ¶8.

{¶11} Father complains that the juvenile court failed to expressly grant Mother an award of legal custody, instead merely "continu[ing]" M.R.L. in Mother's legal custody. He further complains that the juvenile court is precluded from interpreting its order as an award of legal custody to Mother because it failed to apply R.C. 3109.04 in its contemplation of a change of custody. Father could have challenged the juvenile court's dispositional order when the trial court terminated the order of protective supervision and closed the case. He failed to do so. Accordingly, Father is now precluded from relitigating the issue of the child's disposition and Mother's designation as the child's sole legal custodian. Father's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED IN DETERMINING THAT THE FATHER/APPELLANT'S RESIDUAL PARENTAL RIGHTS DO NOT INCLUDE RIGHTS UNRELATED TO PHYSICAL POSSESSION OF THE CHILD THAT ARE EMBODIED IN A DOMESTIC RELATIONS COURT-APPROVED SHARED PARENTING."

{¶12} To the extent that Father again argues that the juvenile court lacked jurisdiction to award legal custody to Mother or that it did so improperly, his arguments fail for the reasons stated above. Father further argues that the trial court erred in ordering that Mother, as the

child's sole legal custodian, has the right to determine where the child will attend school. This Court disagrees.

{¶13} Father challenges the juvenile court's application of certain provisions in R.C. Chapter 2151. "An appellate court's review of the interpretation and application of a statute is de novo." *Akron v. Frazier* (2001), 142 Ohio App.3d 718, 721.

{¶14} Under the terms of the parties' shared parenting plan, both parents were named as the child's legal custodians. M.R.L. was subsequently adjudicated a neglected child based on allegations in CSB's complaint filed properly in the juvenile court. After the initial dispositional hearing, the juvenile court continued the child in Mother's legal custody, effectively terminating Father's status as a legal custodian. The juvenile court further granted an order of protective supervision to CSB to allow the agency to continue to monitor the child's welfare and well-being. CSB later moved the juvenile court to terminate its order of protective supervision. After a final hearing, the juvenile court did so and closed the case. At that time, Mother was the child's sole legal custodian pursuant to the juvenile court's exercise of its exclusive original jurisdiction.

{¶15} CSB's filing of a complaint alleging M.R.L. to be abused, neglected, and dependent vested the juvenile court with exclusive original jurisdiction to determine matters of the child's custody. R.C. 2151.23(A)(1). This Court has recognized that, in cases where the child's custody has been determined pursuant to an order out of the domestic relations court, the juvenile and domestic relations courts assume concurrent jurisdiction. *Bland v. Bland*, 9th Dist. No. 21228, 2003-Ohio-828, at ¶18. Concurrent jurisdiction, however, does not mean that the issues regarding the custody and care of a child must be determined by referring to the orders of both courts to arrive at a piecemeal recitation of parental rights and responsibilities. In the event

of inconsistencies, that feat would be Herculean. The potential disruptions in the life of a child, whose parents seek to rely on disparate orders out of different courts, cannot reasonably be interpreted to be what is meant by the concept of concurrent jurisdiction. The juvenile court's award of legal custody solely to Mother supplanted the domestic relations court's award of shared parenting. Here, having exercised its exclusive original jurisdiction and awarded legal custody to Mother pursuant to R.C. 2151.353(A)(3), the juvenile court retained continuing jurisdiction over the child pursuant to R.C. 2151.353(E)(1). Notwithstanding its concurrent jurisdiction with the domestic relations court, the juvenile court properly exercised its continuing jurisdiction in applying the law pursuant to R.C. Chapter 2151 and issuing its order that Mother has the right to make educational decisions on behalf of the child.

{¶16} "Legal custody," as that term is used in R.C. Chapter 2151, means "a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, *train*, and discipline the child and to provide the child with food, shelter, *education*, and medical care, all subject to any residual parental rights, privileges, and responsibilities. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by any section of the Revised Code or by the court." (Emphasis added.) R.C. 2151.011(A)(19). Accordingly, after being awarded legal custody within the context of R.C. Chapter 2151, Mother had the right to make educational decisions for the child, subject to any residual rights retained by Father.

{¶17} "Residual parental rights, privileges, and responsibilities," as that term is defined in R.C. Chapter 2151, means "those rights, privileges, and responsibilities remaining with the natural parent after the transfer of legal custody of the child, including, but not necessarily

limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support." R.C. 2151.011(A)(46). While legal custody expressly vests the rights to train and educate a child in the legal custodian, the list of residual parental rights, privileges, and responsibilities is silent as to anything reasonably calculated to vest in that natural parent the right to determine where the child attends school. Applying the language in R.C. 2151.011(A)(19) and (46), the juvenile court properly concluded that Father's residual rights and privileges did not accord him the right to make decisions regarding the child's education and that that right resided solely in Mother by virtue of her status as the child's sole legal custodian. Father's third assignment of error is overruled.

III.

**{¶18}** Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

CHRISTOPHER L. PARKER and T. ANTHONY MAZZOLA, Attorneys at Law, for Appellant.

LYNDA HARVEY WILLIAMS, Attorney at Law, for Appellee.