DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, pro se, Alan Kunkle, appeals a judgment by the Fulton County Court of Common Pleas, Domestic Relations Division, denying appellant's Civ.R. 60(B) "Motion to Vacate Dismissal Order." For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} On February 17, 2005, appellee, Stella Kunkle, filed a complaint for divorce against appellant, alleging mutual incompatibility, gross neglect of duty and extreme cruelty. On April 12, 2005, appellant filed a motion to dismiss the action on the grounds that the complaint: (1) failed to state a claim upon which relief could be granted; and (2) was never signed by plaintiff's attorney. On April 14, 2005, appellee, through her attorney, Mark D. Wagoner, filed her own motion to dismiss the case. The same day, the trial court granted appellee's motion and dismissed the case without prejudice. Appellant did not appeal from this order. Instead, on July 22, 2005, appellant filed a Civ.R. 60(B) motion seeking to vacate the April 14, 2005 dismissal.
 {¶ 3} In his Civ.R. 60(B) motion, appellant argued that the dismissal should have been made with prejudice, pursuant to Civ.R. 41(A), because appellee had filed and voluntarily dismissed three previous petitions for divorce against him, each of which allegedly stated the same grounds for relief. Appellant also argued, in the alternative, that the trial judge, James E. Barber, should have recused himself in the case, because he had recused himself in other (both previous and subsequent) divorce actions involving the same parties.
 {¶ 4} On July 25, 2005, the trial court issued a judgment entry denying appellant's motion. The trial court cited as reasons for denying the motion: (1) that appellant had filed his own motion to dismiss in the action; and (2) that a new case involving the same parties had been filed in Case Number 05DV000112, wherein appellant could litigate all issues. In addition, the trial court found that Judge Barber, as administrative judge, had the jurisdiction to grant the dismissal as a pro forma or administrative matter. It is from this judgment that appellant appeals, raising the following assignments of error:
 {¶ 5} I. "THE TRIAL COURT JUDGE ERRED AND ABUSED HIS DISCRETION BY NOT GRANTING DEFENDANT-APPELLANT'S CIV.R. 60(B)(1), (3) (5) MOTION TO VACATE DISMISSAL ORDER, FILED JULY 22, 2005. (APRIL 12, 2005 MOTION TO DISMISS); (APRIL 12, 2005 REQUEST FOR ATTORNEY FEES, EXPENSES AND COURT COSTS); (APRIL 14, 2005 MOTION TO DISMISS); (APRIL 14, 2005 DISMISSAL ORDER); (JULY 22, 2005 MOTION TO VACATE DISMISSAL ORDER); (JULY 25, 2005 JUDGMENT ENTRY); (CERTIFIED COPY OF DOCKET SHEET)."
 {¶ 6} II. "THE TRIAL COURT JUDGE ERRED AND ABUSED HIS DISCRETION BY NOT RULING ON PENDING MOTIONS FILED APRIL 12, 2005 BY DEFENDANT-APPELLANT, PRIOR TO RULING ON PLAINTIFF-APPELLEE'S MOTION FILED ON APRIL 14, 2005. (APRIL 12, 2005 MOTION TO DISMISS); (APRIL 12, 2005 REQUEST FOR ATTORNEY FEES, EXPENSES AND COURT COSTS); (APRIL 14, 2005 MOTION TO DISMISS); (APRIL 14, 2005 DISMISSAL ORDER); (JULY 22, 2005 MOTION TO VACATE DISMISSAL ORDER); (JULY 25, 2005 JUDGMENT ENTRY); (CERTIFIED COPY OF DOCKET SHEET)."
 {¶ 7} III. "THE TRIAL COURT JUDGE ERRED AND ABUSED HIS DISCRETION BY NOT DISMISSING PLAINTIFF-APPELLEE'S CASE WITHPREJUDICE, PURSUANT TO CIV.R. 41(A), UPON PLAINTIFF-APPELLEE'S MOTION FOR VOLUNTARY DISMISSAL. (APRIL 12, 2005 MOTION TO DISMISS); (APRIL 12, 2005 REQUEST FOR ATTORNEY FEES, EXPENSES AND COURT COSTS); (APRIL 14, 2005 MOTION TO DISMISS); (APRIL 14, 2005 DISMISSAL ORDER); (JULY 22, 2005 MOTION TO VACATE DISMISSAL ORDER); (JULY 25, 2005 JUDGMENT ENTRY); (CERTIFIED COPY OF DOCKET SHEET)."
 {¶ 8} IV. "THE TRIAL COURT JUDGE LACKED JURISDICTION OVER THE PARTIES TO THIS ACTION, HAVING RECUSED HIMSELF PREVIOUSLY AND SUBSEQUENTLY IN LIKE ACTIONS BETWEEN THE SAME PARTIES, AND HAVING PRESIDED OVER A CIVIL CASE INVOLVING THESE SAME PARTIES. (APRIL 14, 2005 DISMISSAL ORDER); (JULY 22, 2005 MOTION TO VACATE DISMISSAL ORDER); (JULY 25, 2005 JUDGMENT ENTRY); (COPY OF CERTIFIED DOCKET SHEET)."
 {¶ 9} As indicated above, appellant challenges not the April 14, 2005 order dismissing the case, but rather the July 25, 2005 judgment entry denying appellant's Civ.R. 60(B) motion to vacate the April 14, 2005 order. This challenge is specifically made as appellant's first assignment of error.
 {¶ 10} The determination of whether to grant a 60(B) motion for relief from judgment is left to the sound discretion of the trial court, and that determination will not be disturbed on appeal absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. Abuse of discretion involves more than an error of judgment; it suggests an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 498, 506. In applying the abuse of discretion standard, an appellate court is not free to substitute its judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137-138 (citation omitted).
 {¶ 11} Civ.R. 60(B) provides:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 13} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 14} To prevail on a Civ.R. 60(B) motion for relief from judgment, a moving party must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, citing GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus; see, also, Smith v. Bd. of Health (June 29, 1993), 4th Dist. No. 92CA-2095. If the moving party fails to satisfy any of these requirements, the motion should be overruled. Rose Chevrolet,
supra, at 20, citing Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351.
 {¶ 15} We begin with an examination of the second factor, entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). The gravamen of appellant's entire appeal is that he should have been granted relief pursuant to Civ.R. 60(B)(1), (3), and (5) because the trial court erred in dismissing the divorce action against him without prejudice. Stated otherwise, appellant is asserting as his basis for relief an alleged legal error on the part of the trial.
 {¶ 16} Unfortunately for appellant, "Civ.R. 60(B)(1) does not provide a ground for relief from a judicial error of law," and cannot be used as a substitute for a direct, timely appeal.Smith, supra; see, also, Heida v. R.M.S./Forest City Ent.,Inc., 8th Dist No. 83908, 2004-Ohio-3875, at ¶ 10. Because appellant failed to satisfy the second requirement for relief from judgment under Civ.R. 60(B), he could not prevail on his motion. Thus, the trial court did not abuse its discretion in denying appellant's motion. Accordingly, appellant's first assignment of error, which expressly challenges the propriety of the trial court's denial of appellant's Civ.R. 60(B) motion is found not well-taken.
 {¶ 17} In light of our determination with respect to appellant's first assignment of error, we find the remainder of the assignments of error to be moot and, thus, not well-taken. To the extent that appellant's second, third, and fourth assignments of error could be construed separately from the issue of appellant's appeal from the judgment denying his Civ.R. 60(B) motion, we find that because appellant did not timely file an appeal to the April 14, 2005 dismissal order, we are without jurisdiction to address them.
 {¶ 18} For all of the foregoing reasons, appellant's assignments of error are found not well-taken. Accordingly, the judgment of the Fulton County Court of Common Pleas, Domestic Division, is affirmed.
 {¶ 19} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.