[Cite as *Wilmington Savs. Fund Soc. v. Medvec Properties, L.L.C.*, 2019-Ohio-4133.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, d.b.a. CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, | : <br><br> : <br><br> : | **O P I N I O N** <br><br><br> **CASE NO.  2019-L-012** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| MEDVEC PROPERTIES LLC, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2015 CF 001998.

Judgment: Affirmed.


*Matthew J. Richardson* and *Matthew P. Curry*, Manley Deas Kochalski, LLC, P.O. Box 165028, Columbus, OH 43216 (For Plaintiff-Appellee).

*Bruce M. Broyles*, The Law Offices of Bruce Broyles, 2670 North Columbus Street, Suite L, Lancaster, OH 43130 (For Defendants-Appellants).


MATT LYNCH, J.

{¶1}  Defendants-appellants, Fabian Medvec and Medvec Properties, appeal from the judgment of the Lake County Court of Common Pleas, confirming the sale of their foreclosed upon property and implicitly denying their Motion to Vacate.  The issue before this court is whether a settlement agreement should be vacated when the mortgagee takes action to enter the property and winterize it during a time at which the

mortgagor is attempting, under the agreement, to sell the property. For the following reasons, we affirm the judgment of the court below.

{¶2} On November 17, 2015, plaintiff-appellee, Wilmington Savings Fund Society, filed a Complaint in the Lake County Court of Common Pleas against Medvec Properties and Fabian Medvec, seeking a money judgment, decree of foreclosure, and order of sale for the subject premises, located in Painesville, Ohio. The Complaint alleged that Fabian Medvec was in default on a Note and owed $111,496.09. Fabian Medvec and Medvec Properties filed separate Answers on November 4, 2016.

{¶3} Wilmington filed a November 28, 2016 Motion for Summary Judgment, attached to which was an affidavit from Angela Farmer, Vice President of Rushmore Loan Management Services, who averred that the Note and Mortgage were in default due to nonpayment. Appellants opposed summary judgment.

{¶4} On December 1, 2016, appellants filed a Motion for Leave to File Counterclaim.

{¶5} On January 5, 2017, the court issued a Judgment Entry and Decree in Foreclosure granting Wilmington's Motion for Summary Judgment and ordering foreclosure of the property. In a Journal Entry on the same date, the court granted leave to appellants to file their counterclaim instanter and stayed "the issuance of a praecipe for sale until such time as the issues raised by the newly filed counterclaim are decided."

{¶6} Appellants' counterclaim, filed on January 25, 2017, alleged that Wilmington had interfered with their ability to lease or sell the property by informing a tenant of foreclosure proceedings and had caused damages while installing new locks. The counterclaim requested damages in excess of $10,000. On May 24, 2017, the appellants

2

filed a Notice of Dismissal of Counterclaim with prejudice.

**{¶7}** An Order of Sale was issued and the property was sold to Wilmington for $58,000 on August 28, 2017.

**{¶8}** On September 18, 2017, appellants filed a Motion for Relief from Judgment pursuant to Civil Rule 60(B) from the January 5, 2017 Judgment Entry and the dismissal of their counterclaim.

**{¶9}** Wilmington filed an October 2, 2017 Motion to Enforce Settlement Agreement, attached to which was a May 2017 Settlement Agreement in which appellants agreed to dismiss their counterclaim in return for a monetary payment from Wilmington. Appellants opposed the motion.

**{¶10}** On February 23, 2018, appellants filed a Motion to Stay Confirmation of the August 28, 2017 Sheriff's Sale.

**{¶11}** An Agreed Order was issued on August 14, 2018, in which the parties agreed that appellants would withdraw their September 18, 2017 Motion for Relief from Judgment, Wilmington would withdraw its Motion to Enforce Settlement Agreement, and the appellants would have 90 days to sell the property for a price guaranteeing Wilmington a payoff of no less than $106,000. It directed that if the property was not sold, "Plaintiff shall file a motion to confirm the August 28, 2017 sale and the Court will process the matter for confirmation of the August 28, 2017 Sheriff's sale to Plaintiff."

**{¶12}** On November 14, 2018, appellants filed a Motion to Vacate the Agreed Order, in which they requested to "reinstate proceedings" on their Motion for Relief from Judgment, and moved to stay confirmation of the sheriff's sale. They argued that during the 90-day period when they were permitted to sell the property, Wilmington entered the

3

home, caused physical damage to the exterior door, and put up stickers stating it had authorized the winterization of the home. They contended that "these acts by Plaintiff made it apparent to all who viewed the property that Defendants were not 'willing sellers.'"

{¶13} On January 9, 2019, the trial court issued a Confirmation Entry, confirming the sale of the property and distributing the proceeds. It did not rule on the November 14, 2018 Motion to Vacate.

{¶14} Appellants timely appeal and raise the following assignment of error:

{¶15} "The trial court erred in denying the motion to vacate the agreed entry and confirming the sheriff's sale instead of reinstating the matter to consider the Appellants' motion for relief from judgment."

{¶16} As an initial matter, in its brief, Wilmington contends that the appeal is "likely moot" since appellants did not obtain a stay of the distribution of the sale proceedings.

{¶17} This court has previously found that, in the case of foreclosure proceedings, where the sheriff's sale has occurred, "an appellate court is unable to grant any effectual relief at that point," rendering an appeal moot. *Charter One Bank, F.S.B. v. Mysyk*, 11th Dist. Geauga No. 2003-G-2528, 2004-Ohio-4391, ¶ 4; *Alegis Group L.P. v. Allen*, 11th Dist. Portage No. 2002-P-0026, 2003-Ohio-3501, ¶ 10 ("because appellant did not obtain a stay of the foreclosure order and the sheriff's sale has already been completed, the issues appellant now raises are moot"). However, it has subsequently held that "relief [in a foreclosure proceeding], if so required, can be granted to appellant in the form of restitution," applying this holding in cases where a defendant has sought a stay but was unable to pay the bond, and also "in the interest of justice * * * despite the fact that no stay was obtained." *Ameriquest Mtge. v. Wilson*, 11th Dist. Ashtabula No. 2006-A-0032,

4

2007-Ohio-2576, ¶ 17; *Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885, ¶ 31.

**{¶18}** In the present matter, a sheriff's sale of the property occurred August 28, 2017. Appellants subsequently filed a Motion to Vacate the foreclosure and, on February 23, 2018, moved to stay confirmation of the sale. When they moved to vacate the Agreed Order on November 14, 2018, they again moved to stay confirmation of the sheriff's sale. Although no stay was granted, this is not the case where the defendants entirely failed to act or intended to voluntarily satisfy the judgment.[1] Moreover, the appellants, through moving to have the Agreed Order vacated, also sought to have their September 18, 2017 Motion for Relief from Judgment reinstated, which related, in part, to the dismissal of the counterclaim and request for damages in excess of $10,000. The sale of the property and its confirmation did not prevent appellants from recovering damages on the counterclaim if relief were to be granted. Based on the foregoing, we will consider the merits of the appeal.

**{¶19}** The present appeal arises from the denial of appellants' Motion to Vacate the August 14, 2018 Agreed Order. The trial court did not rule on this motion but instead issued a final Confirmation Entry of Sale and Distribution of Proceeds. The motion was implicitly overruled since, "[i]f a trial court fails to issue a written ruling on a pending motion prior to the release of final judgment in a civil action, it is presumed that the court intended to deny that motion." *State ex rel. Ames v. Reinbold*, 11th Dist. Portage Nos. 2019-P-0009 and 2019-P-0010, 2019-Ohio-1169, ¶ 9.

**{¶20}** Appellants argue that the trial court should have found Wilmington breached

---

1. No motion for stay was filed following the issuance of the order of confirmation.

5

the Agreed Order allowing appellants 90 days to sell the property by failing to exercise the duty of good faith and fair dealing when it "broke into the premises and damaged the property while securing the property which had not been abandoned." They contend that this court should consider whether the lower court erred as a matter of law, the standard applicable when addressing a motion to enforce a settlement agreement.

{¶21} Since a settlement agreement is a contract, "it must comply with the requirements of contract law." *Baumgartner v. AIM Leasing*, 11th Dist. Trumbull No. 2012-T-0070, 2013-Ohio-883, ¶ 20. "[B]ecause the issue is a question of contract law, 'Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred.'" (Citation omitted.) *N.E. Cable Television Sys. v. Pantalone*, 11th Dist. Trumbull No. 2011-T-0023, 2011-Ohio-6840, ¶ 8 ("the question before us is whether the trial court erred as a matter of law in granting the motion to enforce the settlement agreement"). While "in so doing" an appellate court gives due deference to findings of fact supported by competent, credible evidence, *Meeker R&D, Inc. v. Evenflo Co., Inc.*, 2016-Ohio-2688, 52 N.E.3d 1207, ¶ 52 (11th Dist.), no factual findings were made in this case since the trial court did not explicitly overrule appellants' motion.

{¶22} While appellants did not file a motion to enforce the settlement agreement but rather a Motion to Vacate the agreement, such a motion has been construed in such a manner for the purposes of determining whether the settlement agreement is enforceable. *Parkhurst Mall Corp. v. Taneyhill*, 11th Dist. Trumbull No. 2006-T-0082, 2007-Ohio-340, ¶ 5, fn.1, 21-26 (the trial court construed the motion to vacate a settlement agreement as a motion to enforce where the opposing party was alleged to

6

have breached terms of the agreement and its terms were invalidated); *Wilson v. Pride*, 8th Dist. Cuyahoga No. 107793, 2019-Ohio-3513, ¶ 29-43 (applying principles of contract interpretation in reversing the trial court's decision to deny appellant's motion to vacate a settlement agreement).

**{¶23}** In contrast, Wilmington argues that, since appellants moved to vacate the judgment rather than filing a motion to enforce the settlement agreement, the proper grounds to vacate the agreed order would be either through a motion for reconsideration or a Civ.R. 60(B) motion, depending upon considerations of finality of the settlement agreement. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Whether to grant a Civ.R. 60(B) motion is evaluated under an abuse of discretion standard of review. *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998). Similarly, although a motion for reconsideration of a trial court's final order is a nullity, appellate courts review "[a] trial court's decision whether to reconsider a previous interlocutory order * * * under an abuse of discretion standard." *Savage v. Kucharski*, 11th Dist. Lake No. 2005-L-141, 2006-Ohio-5165, ¶ 37.

**{¶24}** Under either party's argument, the appellants' assignment of error lacks merit.

**{¶25}** Appellants argue that Wilmington violated the implied duty of good faith and fair dealing implicit in the settlement agreement, which prevented them from selling the property. Parties to a contract are "bound toward one another by standards of good faith and fair dealing." (Citation omitted.) *McWreath v. Cortland Bank*, 11th Dist. Trumbull No. 2010-T-0023, 2012-Ohio-3013, ¶ 27. The duty of good faith is a "'compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties.'" (Citation omitted.) *Ed Schory & Sons, Inc. v. Soc. Natl. Bank,* 75 Ohio St.3d 433, 443-44, 662 N.E.2d 1074 (1996). That duty is not violated "unless there is a breach of a specific obligation imposed by the contract, such as one that permits a party to exercise discretion in performing a contractual duty or in rejecting the other party's performance." *Lucarell v. Nationwide Mut. Ins. Co.,* 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 43.

**{¶26}** In their Motion to Vacate and attached affidavit, appellants alleged that representatives from Wilmington entered the property, causing damage to a door handle, and placed stickers in the house stating that the mortgage company authorized the winterization of the property, and that appellants were ultimately unable to sell the property. This does not demonstrate, however, that Wilmington acted in a manner inconsistent with the expectations of the parties when entering the settlement agreement or that it acted in bad faith by breaching a specific obligation imposed by the contract. The terms of the agreement stated that appellants would have the opportunity to sell the property for 90 days but did not contain any provisions preventing Wilmington from entering or maintaining the property during that time period. Paragraph 9 of the parties'

8

mortgage provides that if the borrower fails to perform the covenants in the security agreement, "the Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting * * * the value of the Property, and securing and/or repairing the Property." Securing the property includes "entering the Property to make repairs, change locks, * * * drain water from pipes, * * * and have utilities turned on or off." Winterizing the property and placing documentation of that fact within the house was consistent with the parties' mortgage and reasonably allowed Wilmington to protect the property in the event that appellants did not sell it.

{¶27} Appellants also argue that they were entitled to a hearing for the trial court to determine whether the settlement agreement was breached. It has been held that, in the case where a party has moved to enforce a settlement agreement, the trial court is not required to conduct an evidentiary hearing "[i]n the absence of a legitimate factual dispute." *Brahm v. DHSC, LLC*, 5th Dist. Stark No. 2018CA00100, 2019-Ohio-766, ¶ 57. Appellants' allegations do not demonstrate a legitimate factual dispute which would warrant holding a hearing or support a finding that a breach occurred.

{¶28} As to the issue of Civ.R. 60(B) relief, presuming such a motion was proper from a settlement agreement which contemplated future action dependent upon whether appellants sold the property, no relief would be warranted. If the appellants' Motion to Vacate were construed as one for such relief, it would lack merit since appellants did not set forth the specific provision or provisions of Civ.R. 60(B)(1) through (5) that would be applicable or demonstrate they were entitled to relief under any of these provisions. *See LaRosa v. LaRosa*, 11th Dist. Geauga No. 2001-G-2339, 2002 WL 408074, *4 (Mar. 15,

9

2002).

{¶29} Finally, although appellants did not seek to have the trial court "reconsider" any of the terms of the Agreement, even construed as such a motion, it would fail for the reasons outlined above.

{¶30} The sole assignment of error is without merit.

{¶31} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, confirming the sale of the property and implicitly denying the appellants' Motion to Vacate, is affirmed. Costs to be taxed against appellants.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.