[Cite as *MTGLQ Investors, L.P. v. McKind*, 2024-Ohio-5848.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

MTGLQ Investors, L.P.

    Appellee

v.

 Roland McKind, et al.

    Appellant

Court of Appeals No.  L-24-1066

Trial Court No.  CI0202001327

**<u>DECISION AND JUDGMENT</u>**

Decided:  December 13, 2024

* * * * *

Nathan H. Blaske and Sarah E. Sessler, for appellee.

Norman A. Abood, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Roland McKind, appeals the judgment of the Lucas County Court of Common Pleas, denying his motion for relief from judgment under Civ.R. 60(B), overruling his objection to substitution of plaintiff, and challenging the trial court's decision regarding his counterclaim. Finding no error, we affirm.

## II.  Background and Procedural History

{¶ 2} This matter concerns real property at 8518 Aquaduct Park, Holland Ohio. On August 3, 2004, appellant executed a note for $257,000 in favor of Homecoming Financial Network, Inc. (Homecoming) and a mortgage to secure the note granted to Mortgage Electronic Registration Systems, Inc. (MERS), acting as nominee for Homecoming, its successors and assigns. The note was endorsed, transferring it first to Residential Funding Corporation, and then to JP Morgan Chase Bank as Trustee. The note also contained two alonges, with the most recent endorsing it in blank. On October 22, 2014, MERS assigned the mortgage to the Bank of New York Mellon Trust Company, National Association, f/k/a The Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates Series 2004-K59 (BNY). A May 3, 2018 loan modification was executed that did not satisfy the 2004 obligation, but modified payment terms. Appellant denies he signed this agreement. On January 17, 2020, BNY assigned the mortgage to U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust VII (NPL) (U.S. Bank), with the assignment recorded on February 6, 2020. On January 31, 2020, BNY again assigned the mortgage to U.S. Bank, recording the assignment that same date, or prior to the first, identical assignment.

{¶ 3} On January 30, 2020, U.S. Bank filed a complaint in foreclosure to enforce the note, executed on August 3, 2004, which it alleged "is in plaintiff's possession." U.S. Bank attached a copy of the note, along with a loan modification dated May 3, 2018, as exhibits to the pleading. U.S. Bank alleged an amount due on the note of $219,747.57,

2.

with interest, and further alleged the note was secured by a mortgage as a first lien on the real estate. U.S. Bank attached a copy of the mortgage to its pleading, dated August 3, 2004. Pertinent to this appeal, U.S. Bank filed, with the complaint, an assignment of mortgage to U.S. Bank, executed on January 17, 2020.

{¶ 4} On February 25, 2020, U.S. Bank filed a motion to substitute party plaintiff, seeking to substitute U.S. Bank as trustee for NRZ Pass-Through Trust VII (NPL), to correct a clerical error omitting "NPL" in the initial complaint. The trial court granted the motion.

{¶ 5} On February 26, 2020, appellant filed an answer to the foreclosure complaint, appearing pro se. Appellant alleged he satisfied the note, the loan modification contained a fraudulent signature, and U.S. Bank failed to provided evidence of a default on the note. The trial court referred the matter to the foreclosure magistrate for mediation.

{¶ 6} Beginning in March 2020, the trial court ordered the matter stayed pursuant to Administrative Orders issued in response to the COVID-19 public health crisis, with the stay extending through June, 2021. During this stay, appellant filed a motion to dismiss, arguing U.S Bank was not the holder of the note and failed to provide proof of default or debt. Appellant also filed "counterclaims" on May 17, 2021, alleging the loan modification agreement executed on May 3, 2018, was fraudulent and contained a forged signature of appellant. The counterclaim referenced exhibits that appellant failed to attach to his pleading. Along with his counterclaim, appellant separately filed an amended answer, with leave of court.

3.

{¶ 7} The trial court reactivated the case on July 9, 2021. On August 9, 2021, the foreclosure magistrate returned the matter to the trial court's docket, noting appellant's wish "to move forward with litigating this matter." The trial court addressed appellant's motion to dismiss, and after providing time to file briefs, denied the motion in a decision entered January 25, 2022. The trial court found that U.S. Bank attached a copy of the note to the pleading, endorsed in blank, and demonstrated U.S. Bank was the last assignee of the mortgage at time of filing the complaint. In addressing appellant's standing argument, the trial court noted a promissory note secured by a mortgage is a negotiable instrument, a "holder" of a note includes a person in possession of the note and found that, as in this case, when an instrument is indorsed in blank, the instrument becomes payable to bearer and "may be negotiated by transfer of possession alone." *See* R.C. 1303.21(B).

{¶ 8} On March 22, 2022, U.S. Bank filed a motion to substitute MTGLQ Investors, L.P., as plaintiff, with notice to the court it had assigned its interest to MTGLQ, evidenced by an assignment of mortgage recorded on July 29, 2021. The trial court granted the motion to substitute. Appellant did not object to this substitution.

{¶ 9} On March 29, 2022, MTGLQ filed a motion for summary judgment. On March 30, 2022, appellant filed his own motion for summary judgment. Appellant's main argument concerned the validity of the loan modification, claiming he owed nothing and was entitled to damages "because I did not sign the loan modification agreement dated May 3, 2018." In response, MTGLQ argued that, even if the loan modification agreement was invalid, it did not excuse performance of the underlying note and mortgage, and

4.

MTGLQ was entitled to acceleration and to enforce the original note and mortgage which it demonstrated, through evidence, was in default.

{¶ 10} On July 13, 2022, the trial court granted MTGLQ's motion for summary judgment. Appellant filed a timely notice of appeal of the judgment. On August 10, 2022, we dismissed the appeal, sua sponte, for lack of a final order, noting the judgment included no damages or order for sale as part of the judgment.

{¶ 11} On September 12, 2022, the trial court entered "Findings of Fact and Conclusions of Law" relative to MTGLQ's motion for summary judgment. The trial court found that appellant executed the note and mortgage and was in default on the note and mortgage, having failed to make payments as required, noting the original obligations were modified by a loan modification. The trial court determined MTGLQ was owed $219,747.57 plus interest at the rate of 5.66% per annum from January 1, 2019, as well as late charges, advances for real estate taxes and assessments, property preservation, and insurance premiums, along with the costs and expenses in enforcing the note and mortgage. The trial court awarded judgment to MTGLQ and entered an order of sale pursuant to R.C. 2329.31.

{¶ 12} Appellant filed a timely appeal, through counsel, of the trial court's judgment of September 12, 2022, granting MTGLQ judgment in foreclosure and ordering sale of the property. On November 16, 2022, at appellant's request, we dismissed the appeal.

{¶ 13} On March 2, 2023, the trial court entered an order for sale of the property.

5.

{¶ 14} On September 8, 2023, appellant filed a motion for relief from judgment and a motion for ruling on his counterclaims, again appearing pro se. On September 14, 2023, the trial court ordered the motions stricken for failure to include a certificate of service and failure to serve a copy of each motion on all parties. Appellant responded with a motion to vacate dismissal order, filed September 15, 2023.

{¶ 15} On October 12, 2023, the trial court withdrew the order for sale at MGTLQ's request.

{¶ 16} On October 16, 2023, counsel entered an appearance for appellant and filed a motion to vacate the July 13, 2022 order granting summary judgment, the March 2, 2023 order of sale, and the September 12, 2022 findings of fact and conclusions of law. Appellant sought relief from judgment under Civ.R. 60(B), in the alternative. MTGLQ opposed the motion. On January 24, 2024, appellant filed a corrected motion, seeking the same relief, which MTGLQ again opposed.

{¶ 17} On February 28, 2024, the trial court denied the motion for relief under Civ.R. 60(B), in a decision and judgment entry that also addressed "all pending motions" overruling appellant's objection to substitution of a prior plaintiff, granting plaintiff's motion to strike parts of the counterclaim, and denying appellant's motion to vacate dismissal order, appellant's motion to rule on the counterclaim, and appellant's motion for summary judgment.

{¶ 18} This appeal followed.

6.

## III. Assignments of Error

{¶ 19} In challenging the trial court's judgments, appellant asserts the following assignments of error on appeal:

First Assignment of Error

The tr[ial] c[our]t committed reversible error by finding appellant had no viable defenses to plaintiff's complaint, decision at 3, 5-6.

Second Assignment of Error

The tr[ial] c[our]t committed reversible error in denying appellant's 2/25/20 objection to plaintiff's motion to substitute party plaintiff.

Third Assignment of Error

The t[ria]l c[our]t committed reversible error in dismissing appellant's counterclaim.

## IV. Analysis

{¶ 20} As an initial matter, we note that appellant's second and third assignments of error challenge determinations that were necessarily part of the trial court's entry of judgment in favor of MTGLQ. We therefore address the assignments of error out of order and address the second and third assignments of error together.

**A. The trial court implicitly denied appellant's objection to substitution and adjudicated his fraud claim by entering final judgment on the foreclosure complaint.**

{¶ 21} In his second assignment of error, appellant argues the trial court erred in denying his objection to U.S. Bank's substitution. In his third assignment of error, appellant argues the trial court erred in dismissing his counterclaim, alleging fraud.

7.

Considering the record, neither claim could survive the adjudication of the foreclosure complaint and the trial court's entry of final judgment in foreclosure.

{¶ 22} Appellant objected to the 2020 motion of U.S. Bank to substitute party plaintiff, seeking to correctly identify the trust by adding the designation "(NPL)" to the name, noting the designation was omitted in the pleading. The trial court granted substitution by order dated March 3, 2020. On March 5, 2020, appellant filed an objection to substitution, arguing the substitution was "an effort to cover the fact that the Plaintiff is without standing" and "trying to circumvent the law by retrofitting documents to cover it up." Almost a year later, U.S. Bank filed a motion to substitute MTGLQ as plaintiff, noting it had assigned its interest to MTGLQ. Appellant did not object to substitution, and the matter proceeded with MTGLQ as plaintiff.

{¶ 23} As to the counterclaim, appellant alleged fraud based on his claim that his signature was forged on the loan modification agreement. Appellant's fraud claim challenged only the loan modification agreement, with no claim of fraud regarding the underlying note and mortgage executed in 2004. Instead, appellant asserted a complete defense to the allegations in the foreclosure complaint, based on his claim of forgery of the modification agreement, with conclusory assertions regarding damages owed for the loss of his home and loss of "generational wealth." Appellant asserted no separate claim, unrelated to foreclosure, that supported damages independent of the foreclosure action.

{¶ 24} The issues raised within appellant's objection and his counterclaim concern standing and the validity of the loan modification agreement as a defense against the foreclosure complaint. The trial court addressed these issues in entering summary

8.

judgment in favor of MTGLQ, including appellant's argument that "the fraudulent loan modification agreement is a bar to Plaintiff's foreclosure suit." The trial court found appellant executed the original note and mortgage, failed to make payments when due, and the sums due under the note were accelerated according to the terms of the note and mortgage. The trial court further found that MTGLQ, substitute plaintiff, was the real party in interest with proper standing to pursue the complaint in foreclosure. While the trial court did not expressly deny appellant's motion for summary judgment or his other motions, a trial court's failure to mention or rule on a pending motion implicitly denies that motion in entering final judgment. *See DN Community Federal Credit Union v. Joliat,* 2024-Ohio-2380, ¶ 39 (5th Dist.), citing *Batten v. Batten,* 2010-Ohio-1912, ¶ 82 (5th Dist.); *see also Wilmington Savings Fund Society, FSB v. Medvec Properties LLC,* 2019-Ohio-4133, ¶ 19 (11th Dist.); *Mariner Finance, LLC v. Childs,* 2021-Ohio-3935, ¶ 10 (10th Dist.).

{¶ 25} Appellant filed a timely appeal of the final judgment in favor of MTGLQ, but then dismissed his appeal by filing a voluntary dismissal. Therefore, to the extent that appellant might have challenged the final judgment and the trial court's implicit ruling on his objection to substitution or regarding his counterclaim, challenging the validity of the loan modification agreement, he failed to do so. "Under the doctrine of res judicata, a party cannot litigate an issue that was previously fully litigated between the parties and determined in a final judgment on the merits by a court of competent jurisdiction." (Citations omitted) *Nationstar Mortg., LLC v. Miller,* 2015-Ohio-1682, ¶ 13 (6th Dist.). Furthermore, appellant's challenge to standing as "jurisdictional" was an argument that

9.

could only be addressed in a direct appeal, as any defect in standing would have resulted in a voidable judgment, and not a void judgment. *Bank of Am., N.A. v. Kuchta,* 2014-Ohio-4275, ¶ 25 ("lack of standing does not render a judgment void for lack of subject-matter-jurisdiction").

{¶ 26} Based on the foregoing, we find appellant's second and third assignments of error not well-taken.

**B. Appellant's motion for relief from judgment was an improper substitute for a direct appeal.**

{¶ 27} In his first assignment of error, appellant challenges the trial court's denial of his motion for relief from judgment, pursuant to Civ.R. 60(B)(4) and (5). Specifically, appellant argued that the foreclosure judgment was void for lack of plaintiff's standing at the time suit was filed, implicating the trial court's subject matter jurisdiction. This argument has no support in the law.

{¶ 28} Appellant's challenge to standing relied on a demonstration that the trial court lacked subject matter jurisdiction to enter judgment. Appellant raised this issue in the trial court, repeatedly, and argued a lack of standing relative to summary judgment. The trial court found MTGLQ, as substitute plaintiff, had proper standing. Appellant's failure to challenge the judgment on appeal prevents a collateral attack under Civ.R. 60(B).

{¶ 29} Pursuant to Civ.R. 60(B), a court may relieve a party from a final judgment if the movant demonstrates "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.

10.

60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),(2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Residential Funding Co., LLC v. Thorne,* 2012-Ohio-2552, ¶ 18 (6th Dist.), quoting *GTE Automatic Elec., Inc., v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150-151(1976).

{¶ 30} In this case, appellant seeks to set aside a judgment in foreclosure, arguing the plaintiff lacked standing at the inception of the suit. The Ohio Supreme Court addressed and clarified the concept of "standing," relative to foreclosure actions, in *Bank of Am., N.A. v. Kuchta,* 2014-Ohio-4275, and rejected "standing" as necessary for subject matter jurisdiction, concluding, "[E]ven if a plaintiffs' assertion of standing was patently false…lack of standing does not render a judgment void for lack of subject-matter jurisdiction." *Kuchta* at ¶25. Additionally, where the "the issue of standing could have been and in fact was raised during the foreclosure proceedings, res judicata prevents [appellant] from using the issue to establish entitlement to relief [under Civ.R. 60(B)]." *Kuchta* at ¶ 15.

{¶ 31} Appellant abandoned his direct appeal and, instead, sought relief through Civ.R. 60(B). "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Kuchta* at ¶ 16, citing *Harris v. Anderson,* 2006-Ohio-1934, ¶ 8–9. Therefore, appellant could not relitigate the issue of standing through a motion seeking relief from judgment under Civ.R. 60(B), and the trial court properly denied the relief sought.

{¶ 32} We therefore find appellant's first assignment of error not well-taken.

11.

## V. Conclusion

**{¶ 33}** Finding that substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                        _____

                                                      JUDGE

Gene A. Zmuda, J.               

                                   _____

Charles E. Sulek, P.J.                                     JUDGE
CONCUR.

                                   _____

                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.