[Cite as *Hall v. Hall*, 2026-Ohio-384.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| Nicholas J. Hall | Court of Appeals No.  {87}WD-25-012 |
| Appellant | Trial Court No.  2017 DS 0128 |
| v. | |
| Jennifer R. Hall | **DECISION AND JUDGMENT** |
| Appellee | Decided: February 6, 2026 |

* * * * *

Nicholas J. Hall, pro se, appellant.

Karin L. Coble, for appellee.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Nicholas J. Hall, appeals the March 17, 2025 judgment of the Domestic Relations Division of the Wood County Common Pleas Court denying his Civ.R. 60(B) motion.  For the following reasons, we affirm the trial court's judgment.

**I.  Facts and Procedural Background**

{¶ 2} Appellant was previously married to appellee, Jennifer R. Hall.  The marriage was dissolved by a dissolution decree issued on October 24, 2017.  The dissolution order required appellant to pay appellee spousal support in the amount of

$270,000 in monthly installments of $3,750 over a period of 72 months as well as child support and child expenses.

{¶ 3} Appellant moved to modify spousal support on November 2, 2022, and two days later, he filed a motion to modify both spousal support and child support. The trial court held a hearing on appellant's motions on May 1, 2023, a transcript of which has not been filed with this court. The court issued an order on March 8, 2024, which the court modified on March 21, 2024. The trial court's March 21, 2024 order found that appellant's loss of his job was a change in circumstances. Based in part on the testimony of a vocational assessor retained by appellee, the court also found that appellant was underemployed due to his failure to seek employment in all areas for which he was qualified. The court found that appellee was employed by the University of Toledo with a salary of $86,115 and imputed income to appellant in the amount of $100,000. Based on the updated income information of the parties, the order reduced appellant's child support obligation; extended the time period for appellant to meet his spousal support obligation, reducing his monthly payments to $1,875 but not modifying the total amount of spousal support; and found that appellant's failure to pay $12,197.06 in child expenses was contempt and required appellant to pay those expenses by September 30, 2024.

{¶ 4} On October 7, 2024, the trial court held a hearing, a transcript of which appellant filed with this court. The hearing was in part a show-cause hearing regarding appellant's failure to pay the child expenses as ordered by the court on March 21, 2024, but it also involved several motions appellant filed after the court's March 21, 2024

2.

order, including another motion to modify spousal support, a motion to modify the order of extracurricular expenses, and a motion to review the income imputed to him.

{¶ 5} During the October 7, 2024 hearing, appellant, who was pro se, argued that appellee deliberately misrepresented her income at the May 1, 2023 hearing, pointing out that she started a new job with a significantly higher salary the day after the hearing, and questioned appellee as follows:

Q. … When we were here for our hearing on May 1st of 2023, your evidence showed that you were employed at the University of Toledo Foundation. On May 1st of 2023 were you at that time employed by the UT Foundation?
A. Yes.
Q. And you were earning roughly $86,000 annually; is that correct?
A. Yes.
Q. Are you currently employed at the UT Foundation?
A. No.
Q. When was your last day at the UT Foundation?
A. May 2nd.
Q. So on May 1st, on a Monday, you were employed at the UT Foundation.
A. Yes.
Q. And your last day was on May 2nd?
A. Yes.
    ….
Q. So where are you currently employed?
A. Doskocil Manufacturing.
    ….
Q. And what was your start date?
A. May 2nd.
Q. So you were employed at the University of Toledo Foundation on May 1st. And did you have to give the UT Foundation any notice? Yes or no.
A. No.
Q. You didn't.
A. I didn't have to.
Q. But you did.
A. I gave them notice that day.

3.

...

Q. Are you still employed at Doskocil Manufacturing?

A. Yes.

...

Q. What is your current salary?

A. 115.

{¶ 6} Following the October 7, 2024 hearing, the trial court found that appellant had failed to pay child expenses in the amount of $12,197.06 and therefore was in contempt of its March 21, 2024 judgment. Appellant was sentenced to 30 days in the Wood County Justice Center, which the court suspended, and the court set a purge hearing for March 10, 2025. In addition, the trial court ordered that appellant pay on or before March 10, 2025 the following: $12,197.06 in child expenses; the entire remaining balance of spousal support, which was $41,250; and $2700 in appellee's attorneys' fees.

{¶ 7} Appellant filed a motion seeking relief from judgment pursuant to Civ.R. 60(B) on March 6, 2025. In his motion, appellant argued that he should be granted relief from the trial court's orders modifying spousal support and child support because appellee's income increased the day after the May 1, 2023 hearing when she started a new position, appellant's imputed income was incorrectly determined, and appellant's spousal support obligation should be reduced accordingly. In addition, appellant argued that he should be granted relief from the trial court's orders requiring him to pay $12,197.06 in child expenses because appellant and appellee did not agree upon the expenses before they were incurred as required by the dissolution order.

{¶ 8} The trial court addressed appellant's Civ.R. 60(B) motion at the hearing on March 10, 2025, a transcript of which appellant has not filed with this court. On March

17, 2025, the trial court issued an order denying appellant's Civ.R. 60(B) motion. The trial court described appellant's arguments in support of his motion as follows:

> [Appellant's] first argument is that the Court's order of October 10, 2024 and Court's Amended Judgment Entry and Order on Motions to Modify Spousal and Child Support and Request for Attorney Fees, filed on March 21, 2024 were based upon what he asserts was fraudulent information of the income of [appellee]. His other argument is that the spousal support order of a lump sum of $270,000 payable in monthly payments of $3,750 was only modifiable in amount, not in duration. [Appellant] offered no evidence except for his claim that [appellee] started a job that paid a higher salary than after the hearing held on May 1, 2023.

{¶ 9} The trial court found that appellant had not met the standard under which relief can be granted under Civ.R. 60(B), explaining as follows:

> [Appellant] presented no evidence to indicate that when [appellee] testified on May 1, 2023, that her income was anything than what she stated. He makes much of the fact that she started a new job soon after the hearing, but no evidence has been presented to show that any fraud was committed upon the Court. Further, he makes no case to support his contention that evidence of [appellee's] income post May 1, 2023 would have changed the final disposition of this Court in its order of March 21, 2024 or October 10, 2024.

In addition, the trial court's order continued the purge hearing for a later date.

{¶ 10} Appellant filed a notice of appeal on April 9, 2025 challenging three of the trial court's orders: (1) the trial court's March 21, 2024 order modifying spousal and child support; (2) the trial court's October 10, 2024 finding appellant in contempt; and (3) the trial court's March 17, 2025 order denying his Civ.R. 60(B) motion. All three orders were attached to the notice of appeal. Appellee moved to dismiss appellant's notice of appeal, arguing in part that the notice of appeal was untimely as to the March 21, 2024 and October 10, 2024 orders. This court granted appellee's motion in part, dismissing

5.

appellant's appeal of the March 21, 2024 and October 10, 2024 orders as untimely filed. This court also held that appellant could proceed with his appeal of the March 17, 2025 order.

## II. Assignments of Error

{¶ 11} In his appeal, appellant asserts the following assignments of error:

1. The trial court erred in its March 21, 2024 Judgment Entry by misinterpreting the dissolution agreement and Ohio Revised Code 3105.18, thereby improperly concluding that the spousal support of $270,000 was a non-modifiable lump sum, despite the agreement explicitly reserving the court's jurisdiction to modify the amount of support.

2. The trial court erred in denying Appellant's Motion for Relief from Judgment under Ohio Civil Rule 60(B)(2) and (3). On May 1, 2023, Appellee testified that her income was $86,115; however, she failed to disclose that on the very next day, May 2, 2023, she started a new job with an income of $115,000. The failure to disclose this material increase in income is an active failure to disclose a material fact to the court and is a material element of Ohio Revised Code 3105.18.

3. The trial court's October 10, 2024 Judgment Entry improperly awarded attorneys' fees to the Appellee. This award effectively rewarded the Appellee's active failure to disclose a material fact, namely her new employment with a significantly higher salary, which she obtained one day after her testimony regarding her income.

## III. Law and Analysis

{¶ 12} As a preliminary matter, only appellant's second assignment of error may be considered by this court. Appellant's first and third assignments of error concern the trial court's March 21, 2024 and October 10, 2024 orders, and this court has already held that appellant's appeal from those orders is untimely. Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice

6.

of appeal required by App.R. 3 within 30 days of that entry." The time requirement for filing a notice of appeal is jurisdictional in nature, and it may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). Because we do not have jurisdiction to consider appellant's first and third assignments of error, we find them not well-taken.

{¶ 13} In his second assignment of error, appellant contends that the trial court erred in not granting him relief from the trial court's orders modifying spousal support and child support pursuant to Civ.R. 60(B)(2) and (3). Civ.R. 60(B) provides that a court may grant a party relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

To prevail on a motion for relief from judgment, "the moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if the relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment." *Oullette v. Oullette*, 2020-Ohio-705, ¶ 34 (6th Dist). "A party seeking relief under Civ.R. 60(B) is required to allege 'operative facts' that support the claim[.]" *Henry*

7.

*County Bank v. Dudley*, 2022-Ohio-4192, ¶ 13 (6th Dist.), citing *Treasurer of Lucas County. v. Mt. Airy Investments, Ltd.*, 2019-Ohio-3932, ¶ 24 (6th Dist.).

{¶ 14} "We review a determination under Civ.R. 60(B) for an abuse of discretion." *Treasurer of Lucas County* at ¶ 21. "Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable." *Id.*

1. **The trial court did not abuse its discretion in denying appellant's motion pursuant to Civ. R. 60(B)(3).**

{¶ 15} Appellant claims that the trial court erred in denying him relief from judgment under Civ.R. 60(B)(3) because appellee failed to disclose at the May 1, 2023 hearing that she would be starting a new job with a higher salary the day after the hearing. Appellee alleges that "[t]he fact that [a]ppellee began a new job with a significantly higher salary the very next day strongly suggests that she was aware of this impending change [to her income] at the time of the May 1, 2023 hearing." According to appellee, appellant's "obligation to be candid with the court" required her to disclose her new employment during the hearing, and therefore the trial court abused its discretion in finding that there was no evidence of fraud.

{¶ 16} "The fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by *preventing* the losing party from fully and fairly presenting his [case]." *PNC Bank, Natl. Assn. v. Botts*, 2012-Ohio-5383, ¶ 15 (10th Dist.), citing *State Alarm, Inc. v. Riley Indus. Servs.*, 2010-Ohio-900, ¶ 21 (8th Dist.); *Wells Fargo Bank, N.A. v. Bluhm*, 2015-Ohio-921, ¶ 25 (6th Dist.) (Emphasis added.). Therefore, to be entitled to relief from judgment, appellant

8.

must establish that appellee engaged in fraud or misconduct that prevented appellant from fully and fairly presenting his case that the trial court should reduce his spousal support obligation.

{¶ 17} A trial court may modify the portion of a dissolution order imposing spousal support if the following applies: (1) the order authorizes the court to modify the terms of spousal support; and (2) the court finds a substantial change in circumstances for either party. R.C. 3105.18(E) and (F). A change in circumstances may include "any increase or involuntary decrease in the party's wages." R.C. 3105.18(F)(1).

{¶ 18} The party seeking a modification to spousal support has the burden to present evidence of a substantial change in circumstances. *Rollins v. Harvis*, 2007-Ohio-6121, ¶ 15 (6th Dist.), citing *Riley v. Riley*, 2006-Ohio-656, ¶ 11 (9th Dist.). Therefore, unlike in divorce proceedings, in which each spouse has a duty imposed by the trial court "to disclose in a full and complete manner all marital property separate property, and other assets, debts, income and expenses of the spouse," the party seeking the modification to spousal support based on a change in the other party's income has the burden to obtain evidence of the change and present it to the court. *See id.*; R.C. 3105.171(E)(3).

{¶ 19} Here, appellant, as the party seeking a reduction in spousal support, had the burden to set forth evidence of a substantial change in circumstances. Accordingly, if his basis for seeking a modification of spousal support was the increase in appellee's salary after May 1, 2023, he had the obligation to present evidence of appellee's anticipated

9.

salary after that date. Absent a properly framed request from appellant for that information—whether by questioning appellee during her testimony at the May 1, 2023 hearing or through a discovery request compliant with the Civil Rules—appellee did not have a duty to disclose an anticipated change in her salary. There is nothing in the record to support that appellant properly requested information about the salary appellee would earn after May 1, 2023 and appellee refused to provide that information, nor is there anything in the record to support that appellee misrepresented the salary she anticipated earning after May 1, 2023. Appellant did not submit a transcript of the May 1, 2023 hearing, so we must presume the regularity of that hearing. *State v. Overton*, 2025-Ohio-5606, ¶ 11, fn. 1 (6th Dist.), citing *State v. Grimes*, 2017-Ohio-2927, ¶ 20 ("It is well-settled that where appellant did not include a transcript of a hearing, we must assume the regularity of that hearing."). Instead, in the record before us, the only evidence about appellee's salary post-May 1, 2023 is from the October 7, 2024 hearing, during which appellee honestly answered that her salary increased on May 2, 2023 when she started a new job.

{¶ 20} Because appellant failed to set forth evidence that appellee engaged in any fraud or misconduct that prevented him from presenting his case for a modification to his spousal support obligation, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B)(3).

**2. The trial court did not abuse its discretion in denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B)(2).**

{¶ 21} In addition, appellant argues that he was entitled to relief from judgment pursuant to Civ.R. 60(B)(2) because he did not discover that appellee had a new job with a greater income until the October 7, 2024 hearing. Appellee claims that despite his exercise of due diligence he could not discover this information before that time because appellee "actively hid" her new employment and salary. Appellant alleges that he "made multiple attempts to obtain this information," but "the [trial] court failed to assist [him] in obtaining this information."

{¶ 22} Civ.R. 60(B)(2) provides that a trial court may order relief from a final judgment due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Notably, "'Civ.R. 60(B)(2) ... [is] not available to support orders in relief from a judgment premised on late discovered evidence.'" *In re E.B.*, 2023-Ohio-2089, ¶ 67 (6th Dist.), quoting *Poskarbiewicz v. Poskarbiewicz*, 2002 WL 44505, *2 (6th Dist. March 22, 2002). Instead, the evidence must not have been available to the party seeking relief at the time of the hearing or trial. *See In re E.B.* at ¶ 70 (holding that the results of genetic tests conducted after a hearing are not new evidence for purposes of Civ.R. 60(B)(2) if the genetic testing was available at the time of the hearing).

{¶ 23} Here, appellant does not point to anywhere in the record to support his assertion that he was prevented from discovering appellee's new employment and salary before the trial court's March 21, 2024 order. Appellant had numerous procedural

11.

avenues to obtain this information, including by serving discovery requests upon appellee, issuing a subpoena to appellee's employer, or simply asking appellee at the May 1, 2023 hearing about her knowledge of any prospective changes to her future income. The record does not reflect that appellant availed himself of those avenues before the trial court issued its March 21, 2024 order. Instead, in his merit brief, appellant alleges that he "sought the court's assistance in obtaining financial information from [appellee] to support the reconsideration of spousal support" and he "confirmed with [appellee's] previous employer that [appellee] changed jobs," but he alleges he did so *after* the trial court's March 21, 2024 in connection with his motion for relief for judgment." Because appellant had the means to discover information about appellee's changed salary was before the trial court's March 21, 2024 order, he is not entitled to relief under Civ.R. 60(B)(2). The trial court did not abuse its discretion in denying appellee's relief from judgment pursuant to Civ.R. 60(B)(2).

### 3. Appellant's argument alleging that the trial court misinterpreted the dissolution order is barred by res judicata.

{¶ 24} Finally, appellant contends that the trial court erred in its interpretation of the dissolution order because the dissolution order provides that the trial court could modify the amount of spousal support but not its duration, and the trial court found that the amount of spousal support was a non-modifiable lump sum and instead modified the duration of the spousal support payments.

{¶ 25} A proper review of this argument is outside the scope of appellant's second assignment of error, which alleges that the trial court abused its discretion in denying his

12.

motion pursuant to Civ.R. 60(B)(2) and (3), and which is the only assignment of error that is properly before this court. "This Court will not address arguments that fall outside the scope of an appellant's captioned assignment of error." *State v. Curley*, 2024-Ohio-1031, ¶ 45 (6th Dist.). Accordingly, this argument is not properly before this court.

{¶ 26} Moreover, even if this court could construe appellant's argument as within the scope of his second assignment of error, appellant could not seek relief from judgment pursuant to Civ.R. 60(B) on grounds that the trial court misinterpreted the dissolution order—a legal error—and instead he was required to challenge that finding in a direct appeal of the trial court's order. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *MTGLQ Investors, L.P. v. McKind*, 2024-Ohio-5848, ¶ 31 (6th Dist.), quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 16, citing *Harris v. Anderson*, 2006-Ohio-1934, ¶ 8-9. *See also State v. Miller*, 2015-Ohio-4413, ¶ 10 (6th Dist.) ("It is well-established that res judicata precludes an appellant from raising [claims] which could have been raised on past appeals of the underlying judgment."). Because a legal error is not grounds for relief from judgment under Civ.R. 60(B), the trial court did not abuse its discretion in denying appellant's motion. *Kunkle v. Kunkle*, 2006-Ohio-970, ¶ 16 (6th Dist.), quoting *Smith v. Bd. of Health*, 1993 WL 256323, *8 (4th Dist. June 29, 1993) ("'Civ.R. 60(B)(1) does not provide a ground for relief from a judicial error of law,' and cannot be used as a substitute for a direct, timely appeal.").

{¶ 27} Appellant's second assignment of error is found not well-taken.

13.

## IV. Conclusion

{¶ 28} Appellant's notice of appeal with respect to his first and third assignments of error was not timely filed. Appellant's second assignment of error is overruled and the March 17, 2025 judgment of the trial court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.
_____
                                                                    JUDGE

Gene A. Zmuda, J.
_____

Charles E. Sulek, J.                                       JUDGE
CONCUR.

_____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.